```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/15/2017
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE BRASKEM, S.A., SECURITIES
LITIGATION

Civil Action No. 15-CV-5132-PAE

[PROPOSED] **ORDER PRELIMINARILY APPROVING THE SETTLEMENT,**
**CERTIFYING SETTLEMENT CLASS, APPROVING NOTICE**
**TO THE CLASS AND SCHEDULING FINAL APPROVAL HEARING**

WHEREAS, Lead Plaintiff Boilermaker-Blacksmith National Pension Trust ("Lead Plaintiff" or "Boilermakers"), on behalf of itself and the Settlement Class (as defined below) have applied to the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure for an order approving the settlement (the "Settlement") of the above-captioned litigation (the "Action") in accordance with the Stipulation and Agreement of Settlement, dated as of September 14, 2017 (the "Stipulation") and for dismissal of the Action with prejudice upon the terms and conditions set forth in the Stipulation;

WHEREAS, the Stipulation provides for the conditional certification of the Settlement Class solely for purposes of the Settlement;

WHEREAS, the Defendants do not oppose Lead Plaintiff's application; and

WHEREAS, the Court is familiar with and has reviewed the record in the Action and has reviewed the Stipulation, including the exhibits attached to the Stipulation, and found good cause for entering the following Order:

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. This order (the "Preliminary Approval Order") hereby incorporates by reference the definitions in the Stipulation, and all terms used herein shall have the same meanings as set forth in the Stipulation.

2. The Court preliminarily approves the Stipulation, including the releases contained therein, and preliminarily approves the Settlement as being fair, reasonable and adequate to the Settlement Class.

3. Solely for purposes of the Stipulation and the Settlement, the Court hereby certifies a Settlement Class pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure consisting of all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs between July 15, 2010 and March 11, 2015, inclusive, *except* those persons and entities that timely and validly request exclusion from the class pursuant to and in accordance with the terms herein. Also excluded from the Settlement Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Braskem during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Braskem ADRs through or on behalf of any such excluded persons or entities.

4. Solely for purposes of the Stipulation and the Settlement and pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Lead Plaintiff is appointed as the Class Representative and Cohen Milstein Sellers & Toll PLLC is appointed as Lead Counsel for the Settlement Class.

5.     Solely for purposes of the Stipulation and the Settlement, the Court finds that: (i) the Settlement Class Members are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (ii) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (iii) the claims of the Class Representative are typical of the claims of the Settlement Class; (iv) the Class Representative and Lead Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of a class action.

6.     If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, nothing in this Preliminary Approval Order shall prejudice in any way Defendants' ability to oppose class certification, or the appointment of Lead Plaintiff as Class Representative, on any ground.

7.     The Court approves the form of Notice of Pendency of Class Action, Preliminary Approval Order and Proposed Settlement, Final Approval Hearing, and Motion for Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") (annexed hereto as Exhibit A-1), the Summary Notice (annexed hereto as Exhibit A-2) (together, the "Notices"), and the Proof of Claim Form (annexed hereto as Exhibit A-3), and finds that the procedures established for

publication, mailing and distribution of the Notices substantially in the manner and form set forth in Paragraph 7 of this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934 (the "Securities Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. § 78u-4(a)(7); the Constitution of the United States (including the due process clause); and any other applicable law, and constitute the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons or entities entitled thereto.

8.  The Court approves the appointment of Garden City Group, LLC ("GCG") as the Claims Administrator to supervise and administer the notice procedure, as well as the processing of claims as more fully set forth below:

   a.  No later than twenty-one (21) days after the entry of this Preliminary Approval Order and the Stipulation (the "Notice Date"), the Claims Administrator shall cause a copy of the Notice and Proof of Claim Form (the "Claim Form"), substantially in the form annexed hereto as Exhibits A-1 and A-3, respectively, to be mailed by first-class mail, postage prepaid, to those members of the Settlement Class who may be identified through reasonable effort. For the purpose of providing notice to the Class, Defendants shall, within ten (10) days following the entry of this Preliminary Approval Order, provide or cause to be provided to the Claims Administrator (at no cost to the Settlement Fund, Lead Counsel or the Claims Administrator) its shareholder lists as maintained by its stock transfer agent during the Class Period, in electronic form or such other form as is reasonably available to Braskem;

    b. A summary notice (the "Summary Notice"), substantially in the form annexed hereto as Exhibit A-2, shall be published once in the national edition of *The Wall Street Journal* and on *PR Newswire* no later than the Notice Date; and

    c. The Notice, the Summary Notice and the Proof of Claim Form shall also be placed on a website dedicated to this Settlement administration on or before the Notice Date.

  9. The Claims Administrator shall use reasonable efforts to give notice to nominee owners such as brokerage firms and other persons or entities who purchased or otherwise acquired Braskem ADRs during the Class Period as record owners but not as beneficial owners. Nominees who purchased or otherwise acquired Braskem ADRs for beneficial owners who are Settlement Class Members are directed to: (1) request within fourteen (14) days of receipt of the Notice request additional copies of the Notice and the Proof of Claim Form from the Claims Administrator for delivery to such beneficial owners; or (2) send a list of the names and addresses of such beneficial owners to the Claims Administrator within fourteen (14) days after receipt of the Notice. If a nominee elects to send the Notice and Proof of Claim Form to beneficial owners, such nominee is directed to mail the Notice and Proof of Claim Form within fourteen (14) days of receipt of the additional copies of the Notice and Proof of Claim Form from the Claims Administrator. Upon such mailing, the nominee shall send a statement to the Claims Administrator confirming that the mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class. Upon full compliance with this Preliminary Approval Order, including the timely mailing of the Notice and Proof of Claim Form to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Preliminary

Approval Order by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions, including timely mailing of the Notice and Proof of Claim Form, if the nominee elected or elects to do so. Such properly documented expenses incurred by nominees in compliance with the terms of this Preliminary Approval Order shall be deemed Notice and Administration Costs and paid from the Settlement Fund consistent with the terms of the Settlement.

10. No later than twenty-eight (28) calendar days prior to the Final Approval Hearing, Lead Counsel shall cause to be filed with the Clerk of this Court affidavits or declarations of the person or persons under whose general direction the mailing of the Notice and the publication of the Summary Notice shall have been made, showing that such mailing and publication have been made in accordance with this Order.

11. Pending further order of the Court, all litigation activity, except as contemplated herein, in the Stipulation, in the Notice or in the Judgment, is hereby stayed and all hearings, deadlines and other proceedings in this Action, except the Final Approval Hearing, are hereby taken off calendar.

## HEARING: RIGHT TO BE HEARD

12. The Court will hold a settlement hearing (the "Final Approval Hearing"), on _February 21_, 2018, at _10_ [A.M./~~P.M.~~],[1] in the United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 1305, New York, New York, for the following purposes: (i) to determine whether the Settlement should be finally approved as

---

[1] The parties have respectfully requested that the Court schedule the Final Approval Hearing no earlier than 120 days from the date it signs this Preliminary Approval Order, so that, among other things, they may take the steps required by this Preliminary Approval Order and the Stipulation, and also so they may comply with the provisions set forth in the Class Action Fairness Act, 28 U.S.C. § 1715(b), (d).

fair, reasonable, adequate and in the best interests of the Settlement Class; (ii) to determine whether the Judgment, in the form attached as Exhibit B to the Stipulation, should be entered dismissing and releasing the Released Claims (as that term is defined in the Stipulation) with prejudice; (iii) to rule upon the Plan of Allocation; (iv) to rule upon Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

13. Papers in support of the Settlement, the Plan of Allocation and Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses shall be filed no later than twenty-eight (28) calendar days prior to the Final Approval Hearing. If an objection is filed pursuant to paragraph 13 below, any reply papers shall be filed no later than seven (7) calendar days before the Final Approval Hearing.

14. Any member of the Settlement Class may appear at the Final Approval Hearing and show cause why the proposed Settlement embodied in the Stipulation should or should not be approved as fair, reasonable, adequate and in the best interests of the Settlement Class, or why the Judgment should or should not be entered thereon, and/or to present opposition to the Plan of Allocation or to the application of Lead Counsel for attorneys' fees and reimbursement of Litigation Expenses. However, no Settlement Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the terms of the Plan of Allocation or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, unless that Settlement Class Member or Person (i) has served written objections, by hand or first-class mail, including the basis therefor, as well as copies of any papers and/or briefs

in support of his, her or its position upon the following counsel for receipt no later than fourteen (14) calendar days prior to the Final Approval Hearing:

**Lead Counsel for the Settlement Class**
Christopher Lometti
COHEN MILSTEIN SELLERS & TOLL, PLLC
88 Pine Street, 14th Floor
New York, NY 10005

Steven J. Toll
Times Wang
COHEN MILSTEIN SELLERS & TOLL, PLLC
1100 New York Avenue, N.W.
Suite 500 West
Washington, D.C. 20005

**Counsel for the Defendants**
Mark P. Gimbel
Andrew W. Hahn
Joshua B. Picker
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018

and (ii) filed said objections, papers and briefs with the Clerk of the United States District Court for the Southern District of New York no later than twenty-one (21) calendar days prior to the Final Approval Hearing. Any objection must include: (a) the full name, address, and phone number of the objecting Settlement Class Member or Person; (b) a list and documentation of all of the Settlement Class Member's transactions in Braskem ADRs, such as brokerage confirmation receipts or other competent documentary evidence of such transactions, including the amount and date of each purchase or sale and the price paid and/or received (including all income received thereon); (c) a written statement of all grounds for the objection accompanied by any legal support for the objection; (d) copies of any papers, briefs or other documents upon which the objection is based; (e) a list of all persons who will be called to testify in support of the objection; (f) a statement of whether the objector intends to appear at the Final Approval

Hearing; (g) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the preceding five years; and (h) the objector's signature, even if represented by counsel. If the objector intends to appear at the Final Approval Hearing through counsel, the objection must also state the identity of all attorneys who will appear on his, her or its behalf at the Final Approval Hearing. Any Settlement Class Member or Person who does not make his, her or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the Settlement as reflected in the Stipulation, to the Judgment, to the Plan of Allocation or to the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses. The manner in which a notice of objection should be prepared, filed and delivered shall be stated in the Notice. By objecting to the Settlement, the Judgment, the Plan of Allocation and/or the application by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise requesting to be heard at the Final Approval Hearing, a Settlement Class Member or person shall be deemed to have submitted to the jurisdiction of this Court with respect to the person's or entity's objection or request to be heard and the subject matter of the Settlement, including, but not limited to, enforcement of the terms of the Settlement (including, but not limited to, the release of the Released Claims provided for in the Stipulation and the Judgment).

15.     All Settlement Class Members shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class. If the Settlement is approved, all Settlement Class Members will be bound by the Settlement provided for in the Stipulation, and by any judgment or determination of the Court

affecting Settlement Class Members, regardless of whether or not a Settlement Class Member submits a Proof of Claim Form.

16. Any Settlement Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice. If they do not enter an appearance, they will be represented by Lead Counsel.

17. The Court reserves the right to (a) adjourn or continue the Final Approval Hearing without further notice to Settlement Class Members and (b) approve the Stipulation and Settlement with modification and without further notice to Settlement Class Members. The Court retains jurisdiction of this Action to consider all further applications arising out of or otherwise relating to the proposed Settlement, and as otherwise warranted.

## CLAIMS PROCESS

18. In order to be entitled to participate in the Settlement, a Settlement Class Member must complete and submit a Proof of Claim Form in accordance with the instructions contained therein. To be valid and accepted, Proof of Claim Forms submitted in connection with this Settlement must be postmarked no later than one hundred and twenty (120) calendar days from the date of the Preliminary Approval Order.

19. Any Settlement Class Member who does not timely submit a valid Proof of Claim Form shall not be eligible to share in the Settlement Fund, but nonetheless shall be barred and enjoined from asserting any Released Claim and shall be bound by any judgment or determination of the Court affecting the Settlement Class Members.

## REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS

20. Any requests for exclusion from the Settlement Class must be submitted for receipt by the Claims Administrator no later than thirty (30) calendar days prior to the Final Approval Hearing. Any Settlement Class Member who wishes to be excluded from the

Settlement Class must provide (i) name; (ii) address; (iii) telephone number; (iv) number of Braskem ADRs purchased or sold; (v) prices or other consideration paid and/or received for such ADRs; (vi) the date of each purchase or sale transaction; and (vii) a statement that the person wishes to be excluded from the Settlement Class. The request for exclusion must also be signed by the person requesting exclusion. All persons who submit valid and timely requests for exclusion in the manner set forth in this paragraph shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final Judgment.

21.     Any Settlement Class Member who does not request exclusion from the Settlement Class in the manner stated in this Preliminary Approval Order shall be deemed to have waived his, her or its right to be excluded from the Settlement Class, and shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding, and shall be bound by the Settlement and the Judgment, including but not limited to the release of the Released Claims provided for in the Stipulation and the Judgment, if the Court approves the Settlement.

22.     The Released Parties will have no responsibility or liability whatsoever with respect to the Plan of Allocation or the Class Distribution Order, and will take no position on Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses. The Plan of Allocation and Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses will be considered separately from the fairness, reasonableness and adequacy of the Settlement. At or after the Final Approval Hearing, the Court will determine whether Lead Counsel's proposed Plan of Allocation should be approved, and the amount of attorneys' fees and Litigation Expenses to be awarded to Lead Counsel. Any appeal

from any orders relating solely to the Plan of Allocation, the Class Distribution Order, or Lead Counsel's application for an award of attorneys' fees and Litigation Expenses, or any reversal or modification thereof, shall not operate to terminate or cancel the Settlement, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action set forth therein.

23. Only Settlement Class Members and Lead Counsel shall have any right to any portion of, or any rights in the distribution of, the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Stipulation.

24. All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order of the Court.

25. As set forth in the Stipulation, immediately after payment of the Settlement Fund into the Escrow Account, and without further order of the Court, Lead Counsel may direct payment from the Escrow Account of up to $200,000.00 U.S. dollars for the actual, necessary and reasonable costs incurred in connection with providing notice to the Settlement Class, locating Settlement Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Settlement Fund to Authorized Claimants, processing Proof of Claim Forms, and paying Taxes, Tax Expenses, escrow fees and costs, if any. Prior to the Effective Date, payment by the Escrow Agent of any Notice and Administration Costs exceeding $200,000 shall require notice to and agreement from Defendants, through Defendants' Counsel. After the Effective Date, without further approval by Defendants, any Released Parties or the Court, the Escrow Agent may pay from the Settlement Fund all reasonable and necessary Notice and Administration Costs in excess of any amount paid prior to the Effective Date. In the event

the Effective Date does not occur or the Settlement is otherwise terminated pursuant to its terms, neither Lead Plaintiff, nor Lead Counsel, nor the Escrow Agent shall have any obligation to repay any such Notice and Administration Costs actually and properly incurred or paid.

26. The Claims Administrator and its agents are authorized and directed to cause to be prepared any tax returns to be filed for the Settlement Fund and to cause any Taxes due and owing to be paid from the Settlement Fund without further Order of the Court, but subject to the supervision of Lead Counsel, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof as contemplated by the Settlement without further order of the Court.

27. The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Preliminary Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission of, or evidence of, or be deemed to create any inference of, (i) any acts of wrongdoing or lack of wrongdoing on the part of the Released Parties, Lead Plaintiff, Settlement Class Members, or anyone else, (ii) any liability on the part of the Released Parties, Lead Plaintiff, the Settlement Class, or anyone else, (iii) any deficiency of any claim or defense that has been or could have been asserted in this Action, (iv) any damages or lack of damages suffered by Lead Plaintiff, the Settlement Class or anyone else, or (v) that the Settlement Amount (or any other amount) represents the amount that could or would have been recovered in this Action if it was not settled at this point in time. The fact and terms of this Preliminary Approval Order and the Settlement, all negotiations, discussions, drafts and proceedings in connection with this Preliminary

Approval Order and the Settlement, and any act performed or document signed in connection with this Preliminary Approval Order and the Settlement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Preliminary Approval Order and/or the Settlement, including, but not limited to, the Judgment and the release of the Released Claims provided for in the Stipulation and the Judgment.

28.     Unless otherwise provided in the Stipulation, there shall be no distribution of any of the Net Settlement Fund to any Settlement Class Member until a Plan of Allocation is finally approved, the Class Distribution Order has been entered, and such orders are affirmed on appeal and/or are no longer subject to review by appeal or *certiorari*, and the time for any petition for rehearing, appeal, or review, by *certiorari* or otherwise, has expired.

29.     Upon the date for publishing the Summary Notice, pending final determination of whether Settlement should be approved, the Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or commence any action which asserts the Released Claims against any Released Party.

30.     In the event that the Settlement fails to become effective in accordance with its terms, or if the Judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification, if any party elects to terminate the Settlement), this Preliminary Approval Order (except ¶¶ 24-28 and 30) shall be null and void, the Stipulation shall be deemed terminated, and the parties shall return to their positions without prejudice in any way, as provided for in the Stipulation.

31. The Court preliminarily finds that the Escrow Account is a "qualified settlement fund" pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

IT IS SO ORDERED.

DATED: September 15, 2017

_____
THE HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT COURT JUDGE