# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE BRASKEM, S.A., SECURITIES                    Civil Action No. 15-CV-5132-PAE
LITIGATION

**AFFIDAVIT OF JOSE C. FRAGA REGARDING**
**MAILING OF NOTICE OF PENDENCY OF CLASS ACTION AND**
**PROPOSED SETTLEMENT AND CLAIM FORM, PUBLICATION REQUESTS FOR**
**EXCLUSIONS AND OBJECTIONS TO THE SETTLEMENT RECEIVED TO DATE**

STATE OF NEW YORK          )
                          )          ss.:
COUNTY OF NASSAU           )

      JOSE C. FRAGA, being duly sworn, deposes and says:

      1.      I am a Senior Director of Operations for Garden City Group, LLC ("GCG"). Pursuant to the Court's September 15, 2017 Order Preliminarily Approving the Settlement, Certifying Settlement Class, Approving Notice to the Class and Scheduling Final Approval Hearing, dated September 15, 2017 (the "Order"), GCG was appointed as the Claims Administrator in connection with the proposed Settlement of the above-captioned action.[1]  The following statements are based on personal knowledge and information provided to me by other experienced GCG employees.

**MAILING OF THE NOTICE**

      2.      GCG was responsible for disseminating the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") and Proof of Claim Form ("Proof of Claim") (collectively, the "Notice Packet") to all persons who purchased or acquired the Braskem, S.A. ("Braskem") American Depositary Receipts ("ADRs") between July 15, 2010 and March 11, 2015, inclusive (the "Settlement Class").  A true and correct copy of the Notice Packet is attached hereto as Exhibit A.

---

[1] All capitalized terms not otherwise defined in this document shall have the meaning ascribed to them in the Stipulation and Agreement of Settlement dated September 14, 2017 (the "Stipulation").

3.      On September 26, 2017, Lead Counsel for the Class sent GCG data received from the company's transfer agent containing the names and last known addresses for 32 record holders of Braskem ADRs during the Settlement Class Period.  GCG loaded these 32 names and addresses into a database that GCG created and now maintains for the purposes of administering this Settlement (the "Settlement Database").  On October 6, 2017, GCG mailed by first-class mail, postage prepaid, a Notice Packet to each of these 32 record holders.

4.      As in most class actions of this nature, the majority of potential Settlement Class Members are beneficial purchasers of Braskem ADRs whose securities are held in "street name"- i.e., the securities are purchased by brokerage firms, banks, institutions and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  GCG maintains a proprietary database with names and addresses of the largest and most common U.S. banks, brokerage firms, and nominees, including national and regional offices of certain nominees (the "Nominee Database").  The Nominee Database is updated from time to time as new nominees are identified, and others go out of business.  At the time of the initial mailing, the Nominee Database contained 1,794 mailing records.  On October 6, 2017, GCG mailed by first-class mail, postage prepaid, a Notice Packet to the 1,794 brokers and financial institutions in GCG's Nominee Database.

5.      Since October 9, 2017, GCG has received from nominee purchasers and others additional names and addresses of potential Settlement Class Members.  GCG promptly sent, and continues to promptly send, a Notice Packet to each such name and address.  In addition, during this same time period, GCG received requests from nominee purchasers for Notice Packets to be forwarded by the nominee holders to potential Settlement Class Members. GCG promptly provided the requested Claim Packets to the nominee purchasers

6.      In the aggregate, as of January 23, 2018, GCG has mailed 26,706 Notice Packets

to Settlement Class Members and nominees by first-class mail, postage prepaid.  This includes 124 Notice Packets that were remailed due to updated addresses provided by the U.S. Postal Service.

## PUBLICATION OF THE SUMMARY NOTICE

7.      Pursuant to the Preliminary Approval Order, GCG's Notice & Media Team caused the Summary Notice to be published in *The Wall Street Journal* on October 6, 2017. Attached hereto as Exhibit B is an affidavit for *The Wall Street Journal*, attesting to the publication of the Summary Notice on that date. On October 6, 2017, the Summary Notice was also issued over the *PR Newswire*.  Attached hereto as Exhibit C is a Confirmation Report for the *PR Newswire*, attesting to the publication of the Summary Notice over that wire service on that date.

## SETTLEMENT WEBSITE AND TELEPHONE HOTLINE

8.      GCG designed, implanted and maintains a website dedicated to this Settlement, www.BraskemSecuritiesSettlement.com (the "Settlement Website").  Pursuant to the Preliminary Approval Order, on October 6, 2017, GCG posted the Stipulation, Order, Notice, Proof of Claim and Summary Notice to the Settlement Website. The Settlement Website also provides Settlement Class Members with the ability to file their claims online.  The Settlement Website is accessible 24 hours a day, seven days a week.

9.      On October 6, 2017, GCG established and maintains a dedicated toll-free telephone number (855- 872-7076) with interactive voice response ("IVR") to provide answers to frequently asked questions ("FAQs") and to allow potential Settlement Class Members to request Notice Packets.  To date, the toll-free number has received 71 calls.

10.     CG also maintains a Settlement email inbox (Questions@BraskemSecuritiesSettlement.com) to allow potential Settlement Class Members to

obtain information about the Settlement, request a Notice Packet and/or seek assistance with their claims.

## REQUESTS FOR EXCLUSION

11.    The Notice informed Settlement Class Members that written requests for exclusion must be mailed to Braskem, S.A., Securities Settlement, c/o GCG, PO Box 10495, Dublin, OH 43017-4095 and received no later than January 22, 2018.  The Notice also set forth the information that must be included in each request for exclusion.  GCG has monitored all mail sent to the PO Box.  As of January 23, 2018, GCG has received one letter purporting to be a request for two (2) exclusions, attached hereto as Exhibit D, however, it does not include all of the information required by the Court.

## OBJECTIONS TO SETTLEMENT

12.    The Notice also informed Settlement Class Members that objections to the Settlement must be mailed or delivered such that they are received by the Court no later than January 31, 2018, and Lead Counsel for the Class no later than February 7, 2018.  The Notice set forth the information that must be included in an objection to the Settlement.  GCG has been informed by Lead Counsel for the Class, that as of January 23, 2018, no objections have been received.

## CLAIMS RECEIVED TO DATE

13.     The deadline for submitting a Proof of Claim was January 16, 2018. As of

January 23, 2018, GCG has received approximately 2,466 Proofs of Claim.[2]

_Jose C. Fraga_

Sworn to before me this
24th day of January, 2018

Notary Public

ROSE MARIE HARDINA
Notary Public State of New York
No. 01HA5067940
Qualified in Nassau County
Commission Expires ~~January 7, 20~~ 1/7/19

---

[2] As GCG is still receiving, reviewing and processing Proofs of Claim, the information provided in this Affidavit regarding Proofs of Claim received to date is preliminary and subject to further analysis and quality control and is intended only for information purposes at this time.  As with every settlement administration, some of the claims will contain deficiencies. Claim deficiencies will be addressed during the normal course of the administration and claimants with deficient claims will be provided an opportunity to cure the deficiency(ies) in their claims.

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BRASKEM, S.A., SECURITIES LITIGATION | Civil Action No. 15-CV-5132-PAE |

**NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT**

*IF YOU PURCHASED OR ACQUIRED THE AMERICAN DEPOSITARY RECEIPTS OF BRASKEM, S.A., BETWEEN JULY 15, 2010 AND MARCH 11, 2015, BOTH DATES INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*

<u>*A Federal Court authorized this Notice. This is not a solicitation from a lawyer*</u>.

This Notice explains important rights you may have, including your possible receipt of cash from the Settlement. **Your legal rights will be affected** whether or not you act.

**PLEASE READ THIS NOTICE CAREFULLY!**

1.      **Securities and Time Period**: Braskem, S.A. ("Braskem" or the "Company") American Depositary Receipts ("ADR") (ticker symbol: BAK) purchased or acquired between July 15, 2010 and March 11, 2015, both dates inclusive.

2.      **Description of the Action and the Settlement Class**: The Settlement[1] resolves class action litigation over whether Braskem, and certain of Braskem's executives, made materially false and misleading statements and omissions to investors concerning, among other things, an alleged bribery scheme affecting the price at which Braskem purchased naphtha from Petroleo Brasileiro S.A. ("Petrobras"). Boilermaker-Blacksmith National Pension Trust ("Lead Plaintiff" or "Boilermarkers") was designated as the Lead Plaintiff for the case. Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") was appointed by the Court to serve as Lead Counsel. The Settlement Class consists of:

> all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs between July 15, 2010 and March 11, 2015, inclusive ("Class Period"). Excluded from the Settlement Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Braskem during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Braskem ADRs through or on behalf of any such excluded persons or entities. Also excluded from the Settlement Class are any putative Settlement Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in this Notice.

3.      **Statement of Settlement Class's Recovery:** Subject to Court approval, and as described more fully in ¶¶ 23-25 below, Lead Plaintiff, on behalf of itself and the Settlement Class, has agreed to settle all Released Claims against the Defendants and other Released Parties in exchange for a settlement payment of $10 million in cash (the "Settlement Amount") to be deposited into an interest-bearing escrow account (the "Settlement Fund") and certain other terms. The Settlement Fund less all Taxes, Tax Expenses, Notice and Administration Costs, and attorneys' fees and Litigation Expenses awarded to Lead Counsel (the "Net Settlement Fund") will be distributed to members of the Settlement Class in accordance with a plan of allocation (the "Plan of Allocation") that will be submitted to and approved by the Court. The proposed Plan of Allocation is included in this Notice, and may be modified by the Court without further notice.

4.      **Statement of Estimated Average Amount of Recovery**: Your recovery will depend on the number of Braskem ADRs that you purchased or acquired during the Class Period, the price(s) at which those ADRs were purchased or acquired, the timing of your purchases or acquisitions, and any sales. Depending on the number of eligible ADRs that participate in the Settlement, and when and at what price those ADRs were purchased or acquired and sold, the estimated average recovery per ADR will be approximately $0.65 before deduction of Court-approved fees and expenses and any other awards or payments.

5.      **Statement of the Parties' Position on Damages:** The Defendants deny Lead Plaintiff's allegations that they made materially misleading statements or omissions to investors and further deny that they are liable to the Lead Plaintiff and/or the Settlement Class or that Lead Plaintiff or other members of the Settlement Class suffered any injury. Moreover, the parties do not agree on the likelihood that Lead Plaintiff and/or the Settlement Class would be able to prevail at trial or the amount of damages that potentially would be recoverable if Lead Plaintiff and/or the Settlement Class were to prevail on any or all of their claims. The issues on which the parties disagree include, but are not limited to: (1) whether certain public statements made by Defendants were materially false or misleading; (2) whether the Defendants are liable under the federal securities laws for any statements or alleged omissions; and (3) whether all or part of the damages allegedly suffered by Lead Plaintiff or members of the Settlement Class were caused by any alleged misstatements or omissions.

---

[1]     This Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated September 14, 2017 (the "Settlement"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement. A copy of the Settlement can be obtained at www.BraskemSecuritiesSettlement.com.

6.   **Statement of Attorneys' Fees and Expenses Sought**: Lead Counsel has litigated this case on a contingent basis. They have conducted this litigation and advanced the expenses of litigation with the expectation that if they were successful in recovering money for the Settlement Class, they would receive fees and be reimbursed for their expenses from the Settlement Fund. This is customary in this type of litigation. Prior to final distribution of the Net Settlement Fund, Lead Counsel will apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, after deducting the Litigation Expenses described below (or approximately $2,450,000, depending on the total amount of Litigation Expenses submitted for reimbursement), plus interest earned at the same rate and for the same period as earned by the Settlement Fund. In addition, Lead Counsel also will apply for the reimbursement of Litigation Expenses paid or incurred in connection with the prosecution and resolution of the Action in an amount not to exceed $200,000 plus interest earned at the same rate and for the same period as earned by the Settlement Fund. If the Court approves Lead Counsel's fee and expense application, the estimated average cost per ADR is $0.17.

7.   **Identification of Attorneys' Representatives**: Lead Plaintiff and the Settlement Class are being represented by Cohen Milstein Sellers & Toll PLLC. Any questions regarding the Settlement should be directed to Steven J. Toll, 1100 New York Avenue N.W., Suite 500, Washington D.C. 20005, (202) 408-4600, stoll@cohenmilstein.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT: | |
|---|---|
| **REMAIN A MEMBER OF THE CLASS AND FILE A PROOF OF CLAIM FORM.** | This is the only way to receive a payment. If you wish to obtain a payment as a member of the Settlement Class, you will need to file a proof of claim form (the "Proof of Claim Form"), which is included with this Notice, postmarked no later than January 16, 2018. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN *REQUEST FOR* EXCLUSION SO THAT IT IS *RECEIVED* NO LATER THAN JANUARY 22, 2018.** | If you exclude yourself from the Settlement Class, you will receive no payment pursuant to the Settlement. You may be able to seek recovery against the Defendants or other Released Parties through other litigation. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS FILED WITH THE COURT NO LATER THAN JANUARY 31, 2018 AND RECEIVED BY COUNSEL NO LATER THAN FEBRUARY 7, 2018** | Write to the Court and explain why you do not like the Settlement, the proposed Plan of Allocation, or the request for attorneys' fees and reimbursement of Litigation Expenses. You cannot object to the Settlement unless you are a member of the Settlement Class and do not validly exclude yourself. |
| **GO TO THE HEARING ON FEBRUARY 21, 2018 AT 10:00 A.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN FEBRUARY 7, 2018.** | You may attend the hearing to speak in Court about the fairness of the Settlement, the proposed Plan of Allocation, or Lead Counsel's request for attorneys' fees and reimbursement of Litigation Expenses. You cannot object to the Settlement unless you are a member of the Settlement Class and do not validly exclude yourself. |
| **DO NOTHING** | Receive no payment, remain a Settlement Class Member, give up your rights to seek recovery against the Defendants and the other Released Parties through other litigation and be bound by the Judgment entered by the Court if it approves the Settlement, including the release of the Released Claims. |

| WHAT THIS NOTICE CONTAINS |
|---|

Why Did I Get This Notice? ..............................................................................................................Page  2
What Is This Case About? What Has Happened So Far? .................................................................Page  3
What Are The Lead Plaintiff's Reasons For The Settlement? ..........................................................Page  4
What Might Happen If There Were No Settlement? .........................................................................Page  4
How Do I Know If I Am Affected By The Settlement? .....................................................................Page  4
How Much Will My Payment Be? When Will I Receive It?.............................................................Page  5
What Rights Am I Giving Up By Agreeing To The Settlement? .......................................................Page  8
What Payment Are The Attorneys For The Settlement Class Seeking?
    How Will The Lawyers Be Paid? ..........................................................................................Page  9
How Do I Participate in the Settlement? What do I need to do?.......................................................Page  9
What If I Do Not Want To Be Part Of The Settlement? How Do I Exclude Myself?.......................Page 10
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing? May I Speak At the Hearing If I
    Don't Like The Settlement? ..................................................................................................Page 10
What If I Bought ADRs on Someone Else's Behalf? .......................................................................Page 11
Can I See The Court File? Who Should I Contact If I Have Questions? ...........................................Page 11

| WHY DID I GET THIS NOTICE? |
|---|

8.      This Notice is being sent to you pursuant to an order of the United States District Court for the Southern District of New York (the "Court" or "District Court") because you or someone in your family may have purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs as described above. The Court has directed us to send you this Notice because, as a potential Settlement Class Member, you have a right to know about your options before the Court rules on the

proposed Settlement of this case. Additionally, you have the right to understand how a class action lawsuit may generally affect your legal rights.

9.      A class action is a type of lawsuit in which the claims of a number of individuals are resolved together, thus providing the class members with both consistency and efficiency. In a class action lawsuit, the Court selects one or more people, known as class representatives, to sue on behalf of all people with similar claims, commonly known as the class or the class members. Once the class is certified, the Court's resolution of all issues, whether or not favorable, is binding on the class, except for any persons who choose to exclude themselves from the class. (For more information on excluding yourself from the Settlement Class, please read "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?" located below.) In the Action, the Court has directed that Lead Plaintiff and Lead Counsel have primary responsibility for prosecuting all claims against Defendants on behalf of investors who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs during the Class Period.

10.     The Court in charge of this case is the United States District Court for the Southern District of New York, and the case is known as *In re Braskem, S.A., Securities Litigation*, Case No.: 15-CV-5132-PAE (S.D.N.Y.) (the "Action"). The judge presiding over this case is the Honorable Paul A. Engelmayer, United States District Judge. The person who is suing is called the plaintiff, and those who are being sued are called defendants. In this case, the Lead Plaintiff is Boilermaker-Blacksmith National Pension Trust, and the Defendants are Braskem and Carlos José Fadigas de Souza Filho ("Fadigas"). The proposed Settlement is with all the foregoing Defendants, for the benefit of themselves and the Released Parties. The Released Parties also include persons and entities previously named as defendants, specifically Marcela Aparecida Drehmer Andrade ("Drehmer"), Mario Augusto da Silva ("da Silva"), Bernardo Afonso de Almeida Gradin ("Gradin"), and Odebrecht S.A. ("Odebrecht").

11.     This Notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them. The purpose of this Notice is to inform you of this case, that it is a proposed class action, how you might be affected, how to object, if you wish, to the proposed Settlement and/or the other matters to be considered by the Court at the Final Approval Hearing (identified below), and how to exclude yourself from the proposed Settlement and the Settlement Class if you wish to do so. It also is being sent to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness and adequacy of the proposed Settlement and the other matters identified below (the "Final Approval Hearing").

12.     The Final Approval Hearing will be held on February 21, 2018 at 10:00 A.M., before the Honorable Paul A. Engelmayer at the United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 706, New York, New York 10007, to determine:

   (i)      whether the proposed Settlement on the terms and conditions provided for in the Stipulation and Agreement of Settlement is fair, reasonable and adequate, and should be approved by the Court;

   (ii)     whether a judgment should be entered dismissing the Action with prejudice, and whether the release by the Settlement Class Members of the Released Claims should be ordered;

   (iii)    whether, for purposes of the Settlement, the Settlement Class should be certified; whether Lead Plaintiff should be finally appointed as class representatives for the Settlement Class; and whether Lead Counsel should be finally appointed as class counsel for the Settlement Class;

   (iv)     whether the proposed Plan of Allocation is fair and reasonable and should be approved by the Court; and

   (v)      whether Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved by the Court.

13.     This Notice does not express any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. Any distribution will not be paid until after the completion of all claims processing. Please be patient.

| **WHAT IS THIS CASE ABOUT? WHAT HAS HAPPENED SO FAR?** |
| --- |

14.     The initial complaint in this case was filed on July 1, 2015, by plaintiff Douglas W. Peters, and asserted, among other things, that in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), Defendants misled investors in connection with an alleged bribery scheme involving Braskem and Petrobras.

15.     On September 8, 2015, the Court consolidated several related cases and appointed Boilermakers as Lead Plaintiff.

16.     Lead Plaintiff, through Lead Counsel, then conducted an extensive investigation into Braskem's involvement in that alleged bribery scheme. Because the underlying events largely took place in Brazil, and the underlying documents were largely written in Portuguese, Lead Counsel hired several Portuguese speakers to assist with the investigation. The investigation involved, among other things, interviewing witnesses in Brazil, researching Braskem's disclosures to the investing community and its statements more generally, and compiling and analyzing the results of numerous legal proceedings in Brazil. The investigation eventually led to the filing of two amended complaints.

17.     The first amended complaint was styled the "Consolidated Class Action Complaint" ("CAC"), was filed on November 6, 2015, and named Braskem, Fadigas, Gradin, Drehmer, da Silva, and Odebrecht as defendants (collectively, the "CAC Defendants").

18.     The second amended complaint was styled the "Second Amended Consolidated Class Action Complaint ("SAC"), was filed on May 20, 2016, and named Braskem, Fadigas, Gradin, and Odebrecht as defendants (collectively, the "SAC Defendants"), but not Drehmer or da Silva.

19.     On March 30, 2017, the Court granted in part the SAC Defendants' motion to dismiss the SAC, and dismissed Odebrecht and Gradin from the case and certain of Lead Plaintiff's claims against the remaining SAC Defendants, but held that Lead Plaintiff could move forward on its claim that Braskem misled investors by failing to disclose the influence that the alleged bribery scheme had on the pricing of naphtha, an important component of Braskem's business.

20.     The parties began discovery shortly thereafter, under the terms of a Court-order confidentiality stipulation.

21.     The parties then agreed to participate in a mediation of the Action before mediator David Geronemus, Esq. of Judicial Arbitration and Mediation Services ("JAMS"). On July 19, 2017, following that mediation, the parties agreed, in principle, to settle the Action for $10 million, subject to the negotiation of a mutually acceptable settlement agreement, the production of certain confirmatory discovery, and other conditions including approval of the settlement by the Court.

22.     Shortly thereafter, the parties engaged in said discovery, including the production by Defendants of certain documents, all of which were designated as confidential in accordance with the above-mentioned Court order.  The parties thereafter proceed to negotiate a formal written Stipulation and Agreement of Settlement, including essential settlement terms that had not yet negotiated or agreed upon at the mediation.

## WHAT ARE LEAD PLAINTIFF'S REASONS FOR THE SETTLEMENT?

23.     Lead Plaintiff and Lead Counsel believe that the claims asserted against the Defendants have merit. Lead Plaintiff and Lead Counsel recognize, however, the expense and length of continued proceedings necessary to pursue their claims against the Defendants through continued discovery, trial and appeals, as well as the difficulties in establishing liability. Lead Plaintiff and Lead Counsel have considered the uncertain outcome of trial and appellate risk in complex lawsuits like this one.

24.     In light of the risks of continued litigation, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class. Lead Plaintiff and Lead Counsel also believe that the Settlement provides a substantial benefit now, namely Defendants' payment of $10 million in cash (less the various deductions described in this Notice), as compared to the risk that the claims would produce a similar, smaller, or no recovery after summary judgment, trial and appeals, possibly years in the future.

25.     The Defendants deny Lead Plaintiff's allegations that they made materially misleading statements or omissions to investors and further deny that they are liable to the Lead Plaintiff and/or the Settlement Class or that Lead Plaintiff or other members of the Settlement Class suffered any injury. Defendants maintain that they have strong and meritorious defenses to all of the claims alleged in this Action. The Defendants, however, also recognize the uncertainty and risks inherent in any litigation, especially in a complex case such as this. The Defendants have concluded that further conduct of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

26.     If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of their claims against the Defendants, neither Lead Plaintiff nor members of the Settlement Class would recover anything from the Defendants. Also, if the Defendants were successful in proving any of their defenses, the Settlement Class likely would recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

27.     If you are a member of the Settlement Class, you are subject to the Settlement unless you timely request to be excluded. The Settlement Class consists of: all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs between July 15, 2010 and March 11, 2015, inclusive. Excluded from the Settlement Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Braskem during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Braskem ADRs through or on behalf of any such excluded persons or entities. Also excluded from the Settlement Class are any putative Settlement Class Members who exclude themselves by filing a request for exclusion in accordance with the requirements set forth in the Notice of Pendency of Class Action and Proposed Settlement.

28.     RECEIPT OF THIS NOTICE DOES NOT NECESSARILY MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU ARE ELIGIBLE TO RECEIVE PROCEEDS FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU MUST SUBMIT THE ENCLOSED PROOF OF CLAIM FORM POSTMARKED NO LATER THAN JANUARY 16, 2018

| HOW MUCH WILL MY PAYMENT BE? WHEN WILL I RECEIVE IT? |
|---|

**I.      THE PROPOSED PLAN OF ALLOCATION: GENERAL PROVISIONS**

29.      Braskem, on behalf of all Defendants, has agreed to cause the Settlement Amount to be paid in cash no later than ten (10) business days after both (1) preliminary approval of the Settlement by the District Court has been granted, and (2) Lead Counsel has provided Defendants' Counsel with account and tax information for the Settlement Fund necessary to effectuate transfer. At this time, it is not possible to make any determination as to how much individual Settlement Class Members may receive from the Settlement.

30.      The $10 million Settlement Amount, and the interest earned thereon while it is held in escrow before distribution, is referred to as the "Settlement Fund." The Settlement Fund, less all Taxes, Tax Expenses, Notice and Administration Costs, and attorneys' fees and Litigation Expenses awarded to Lead Counsel (the "Net Settlement Fund"), shall be distributed based on the acceptable Proof of Claim Forms submitted by members of the Settlement Class ("Authorized Claimants"). The Net Settlement Fund will be distributed to Authorized Claimants who timely submit acceptable Proof of Claim Forms under the Plan of Allocation described below, or as otherwise ordered by the Court.

31.      Your share of the Net Settlement Fund will depend on the number of ADRs (represented by valid and acceptable Proof of Claim Forms) that members of the Settlement Class submit to the Claims Administrator, relative to the Net Settlement Fund; how many ADRs you purchased or acquired and when you purchased or acquired them; whether you held or sold those ADRs; the date on which you sold those ADRs; and the price at which you sold them, among other factors. At this time, it is not possible to determine how much individual Settlement Class Members may receive from the Settlement.

32.      A payment to any Authorized Claimant that would amount to less than $10.00 in total will not be included in the calculation of the Net Settlement Fund, and no payment to those members of the Settlement Class will be made.

33.      For each Authorized Claimant, a "Recognized Loss" will be calculated. The calculation of a "Recognized Loss," as defined in ¶ 38 below, is not intended to be an estimate of, nor does it indicate, the amount that a Settlement Class Member might have been able to recover after a trial. Nor is the calculation of a Recognized Loss pursuant to the Plan of Allocation an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement, which depends on the total Recognized Losses of all Authorized Claimants. The Recognized Loss formula provides the basis for proportionately allocating the Net Settlement Fund to Authorized Claimants. That computation is only a method to weigh Settlement Class Members' claims against one another. Each Authorized Claimant will receive a *pro rata* share of the Net Settlement Fund based on his, her or its Claim.

**II.     CALCULATION OF RECOGNIZED LOSS OR GAIN AMOUNTS**

34.      The Plan of Allocation has been prepared by Lead Counsel's damages consultant. It reflects the allegations in the Complaint that Defendants allegedly made materially untrue and misleading statements and omissions resulting in violations of Sections 10(b) and 20(a) of the Exchange Act and that Lead Plaintiff's damages were caused by disclosures relating to Defendants' allegedly misleading statements. The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws, as opposed to losses caused by market or industry factors or factors unrelated to the alleged violations of law. As set forth in the Plan of Allocation, Lead Plaintiff alleges that on March 11, 2015, Braskem disclosed information that allegedly corrected previous alleged misrepresentations and omissions, causing a drop in Braskem's ADR price (net of factors unrelated to the alleged misrepresentations and omissions). An Authorized Claimant's Recognized Loss will be based upon the particular disclosure date on which the Settlement Class Member held Braskem ADRs for those ADRs purchased or acquired during the Class Period. The Recognized Loss formula is not intended to be an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is simply the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.

35.      Based on the foregoing, and for purposes of this Settlement only, the "Recognized Loss" for any Braskem ADRs purchased or acquired[2] during the Class Period will be calculated as follows:

**PLAN OF ALLOCATION**

36.      The Plan of Allocation was developed based on an event study analysis to estimate the amount of artificial inflation embedded in the price of Braskem ADRs each day during the Class Period.  This analysis estimated what portion of the ADR price decline following the March 11, 2015 is attributable to the alleged fraud.  The analysis indicates that $1.77 of the decline following the March 11, 2015 disclosure is attributable to the alleged fraud, *i.e.*, constitute the artificial inflation.

37.      The Private Securities Litigation Reform Act ("PSLRA") sets a cap on damages in private securities class actions. *See* 15 U.S.C. § 78u-4(e).  This cap limits damages to the difference between a plaintiff's purchase price and the mean trading price in the 90 days following the last corrective disclosure, or, if a sale takes place within those 90 days, the mean trading price up to the date of sale.  Here, the mean trading price in the 90 days following the last corrective disclosure was $8.16.  The mean trading price for dates of sale within those 90 days is set forth in Table B below.

---

[2] All transactions are to be calculated at trade prices exclusive of commissions or fees.

38. **Calculation of Recognized Losses for Braskem ADRs** (*see* Table A for Maximum Recoverable Amounts per ADR):

A.   For all Braskem ADRs purchased or otherwise acquired for consideration between July 15, 2010 and March 11, 2015, both dates inclusive, the Recognized Loss is calculated as the lesser of the number of ADRs sold multiplied by:

  1.   the recoverable damages set forth in Table A below; or

  2.   the following calculation depending on the date of sale:

    a.   if the ADRs are sold prior to March 11, 2015, the Recognized Loss will be zero[3];

    b.   if the ADRs are retained beyond March 11, 2015, and sold on or before June 8, 2015, the Recognized Loss will be equal to the lesser of:

      (1)   $1.77 per ADR; or

      (2)   the excess (if any) of the purchase price per ADR over the ADR prices listed in Table B, below.[4]

    c.   if the ADRs are retained beyond March 11, 2015, and not sold on or before June 8, 2015, the Recognized Loss will be equal to the lesser of:

      (1)   $1.77 per ADR; or

      (2)   the purchase/acquisition price per ADR less the PSLRA 90-day look back price of $8.16 per ADR.

**Table A: Maximum Recoverable Amounts per Braskem ADRs**

| Period of Purchase | Period of Sale | | |
|---|---|---|---|
| | 07/15/2010 through 03/10/2015 | 03/11/2015 through 06/08/2015 | Beyond 06/08/2015 |
| 07/15/2010 through 03/11/2015 | $0.00 | $1.77[5] | $1.77 |

---

[3] A purchase or sale of ADRs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

[4] The 90th calendar day after (and including) the trading day when the corrective disclosure affected ADR price is Monday, June 8, 2015.  The 90-day rolling average between March 11, 2015 and June 8, 2015 is equal to $8.16.

[5] This is the maximum recoverable amount per ADR.  Please also refer to Table B.

6

**Table B: Braskem ADR Mean Trading Price During the 90-Day PSLRA Period**

| Date | Price | Date | Price |
|---|---|---|---|
| 3/11/2015 | $7.05 | 4/24/2015 | $7.51 |
| 3/12/2015 | $6.79 | 4/27/2015 | $7.53 |
| 3/13/2015 | $6.77 | 4/28/2015 | $7.56 |
| 3/16/2015 | $6.79 | 4/29/2015 | $7.58 |
| 3/17/2015 | $6.81 | 4/30/2015 | $7.60 |
| 3/18/2015 | $6.88 | 5/1/2015 | $7.62 |
| 3/19/2015 | $6.92 | 5/4/2015 | $7.66 |
| 3/20/2015 | $6.98 | 5/5/2015 | $7.69 |
| 3/23/2015 | $7.08 | 5/6/2015 | $7.72 |
| 3/24/2015 | $7.14 | 5/7/2015 | $7.75 |
| 3/25/2015 | $7.20 | 5/8/2015 | $7.80 |
| 3/26/2015 | $7.21 | 5/11/2015 | $7.84 |
| 3/27/2015 | $7.19 | 5/12/2015 | $7.88 |
| 3/30/2015 | $7.17 | 5/13/2015 | $7.92 |
| 3/31/2015 | $7.15 | 5/14/2015 | $7.97 |
| 4/1/2015 | $7.14 | 5/15/2015 | $8.01 |
| 4/2/2015 | $7.16 | 5/18/2015 | $8.03 |
| 4/6/2015 | $7.19 | 5/19/2015 | $8.06 |
| 4/7/2015 | $7.22 | 5/20/2015 | $8.09 |
| 4/8/2015 | $7.27 | 5/21/2015 | $8.11 |
| 4/9/2015 | $7.30 | 5/22/2015 | $8.12 |
| 4/10/2015 | $7.31 | 5/26/2015 | $8.12 |
| 4/13/2015 | $7.32 | 5/27/2015 | $8.13 |
| 4/14/2015 | $7.34 | 5/28/2015 | $8.13 |
| 4/15/2015 | $7.37 | 5/29/2015 | $8.13 |
| 4/16/2015 | $7.39 | 6/1/2015 | $8.13 |
| 4/17/2015 | $7.40 | 6/2/2015 | $8.14 |
| 4/20/2015 | $7.42 | 6/3/2015 | $8.15 |
| 4/21/2015 | $7.43 | 6/4/2015 | $8.16 |
| 4/22/2015 | $7.45 | 6/5/2015 | $8.16 |
| 4/23/2015 | $7.48 | 6/8/2015 | $8.16 |

Source:  Bloomberg, L.P.

39.     All purchases/acquisitions and sales of Braskem ADRs during the Class Period shall be matched on a first-in, first-out ("FIFO") basis. Sales of Settlement Class Members during the Class Period and the 90 days thereafter will be matched first against the first Braskem ADRs purchased or acquired that have not already been matched to sales under FIFO, and then against subsequent purchases/acquisitions in chronological order, until the end of the Settlement Class Period. A purchase/acquisition or sale of Braskem ADRs shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

40.     The receipt or grant by gift, devise or inheritance of Braskem ADRs during the Class Period shall not be deemed to be a purchase or acquisition of Braskem ADRs for purposes of the calculation of an Authorized Claimant's Recognized Loss if the person from whom the Braskem ADRs was received did not themselves acquire the ADRs during the Class Period, nor shall it be deemed an assignment of any claim relating to the purchase or acquisition of such ADRs unless specifically provided in the instrument or gift or assignment.

41.     If any funds remain in the Net Settlement Fund by reason of uncashed distributions or otherwise, then after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be redistributed to Settlement Class Members who have cashed their initial distributions in a manner consistent with the Plan of Allocation. The Claims Administrator shall, if feasible, continue to reallocate any further balance remaining in the Net Settlement Fund after the redistribution is completed among Settlement Class Members in the same manner and time frame as provided for above. If any portion of the Net Settlement Fund remains following the above-described distributions and is of such an amount that in the determination of the Claims Administrator is not cost-effective or efficient to redistribute to the Settlement Class, then such remaining funds, after payment of any further Notice and Administration Costs and Taxes and Tax Expenses, shall be donated to a nonsectarian charitable organization(s) certified as tax-exempt under United States Internal Revenue Code Section 501(c)(3), as approved by the Court.

**V.    DISTRIBUTION OF THE NET SETTLEMENT FUND**

42.     The "Recognized Loss" will be used solely to calculate the relative amount of the Net Settlement Fund to be apportioned to each Authorized Claimant and does not reflect the actual amount an Authorized Claimant may expect to recover from the Net Settlement Fund. The combined Recognized Losses of all Authorized Claimants may be greater than the Net Settlement Fund. If this is the case, and subject to the $10.00 minimum payment requirement described in ¶ 32 above, each Authorized Claimant shall receive his, her or its *pro rata* share of the Net Settlement Fund, which shall be his, her or its Recognized Loss divided by the total of all Recognized Losses to be paid, multiplied by the total amount in the Net Settlement Fund.

43.     Payment pursuant to the Plan of Allocation shall be conclusive against all Authorized Claimants. No person shall have any claim relating to the Plan of Allocation, or distributions made pursuant to the Plan of Allocation, or denials of any Proof of Claim in whole or in part, against Defendants or the other Released Parties (defined below). No person shall have any claim based on distributions made substantially in accordance with the Settlement, the Plan of Allocation, or further order(s) of the Court against Lead Counsel, Lead Plaintiff, Settlement Class Members, the Claims Administrator, Defendants, the Released Parties, or any person designated by Lead Counsel. All members of the Settlement Class who fail to timely submit an acceptable Proof of Claim Form by the deadline set by the Court, or such other deadline as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Settlement, but will in all other respects be subject to and bound by the terms of the Settlement, including the release of the Released Claims.

44.     The Net Settlement Fund will not be distributed until the Court has approved a plan of allocation, and the time for any petition for rehearing, appeal or review, whether by *certiorari* or otherwise, has expired.

45.     Approval of the Settlement is independent from approval of the Plan of Allocation. Any determination with respect to the Plan of Allocation will not affect the Settlement, if approved.

46.     Only those Settlement Class Members who purchased or otherwise acquired Braskem ADRs during the Class Period and were damaged as a result of such purchases or acquisitions will be eligible to share in the distribution of the Net Settlement Fund. Each person or entity wishing to participate in the distribution must timely submit a valid Proof of Claim Form establishing membership in the Settlement Class, and include all required documentation, before the deadline set forth herein.

47.     Unless the Court otherwise orders, any Settlement Class Member who fails to submit a Proof of Claim Form before the deadline shall be forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Settlement Class Member and be subject to the provisions of the Settlement, including the terms of any judgments entered and releases given. This means that each Settlement Class Member is bound by the release of claims (described in ¶¶ 51-54 below) regardless of whether or not such Settlement Class Member submits a Proof of Claim Form.

48.     Persons and entities that are excluded from the Settlement Class by definition or that exclude themselves from the Settlement Class will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Proof of Claim Forms.

49.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any member of the Settlement Class.

50.     The Plan of Allocation set forth herein is the proposed plan submitted by Lead Plaintiff and Lead Counsel for the Court's approval. The Court may approve this plan as proposed or may modify it without further notice to the Settlement Class.

| WHAT RIGHTS AM I GIVING UP BY AGREEING TO THE SETTLEMENT? |
| --- |

51.     If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims in the Action and will provide that Lead Plaintiff and all other Settlement Class Members, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Claims against the Released Parties; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

52.     "Released Claims" means any and all claims, debts, demands, rights or causes of action or liabilities whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, penalties, expenses or liability whatsoever, whenever or wherever incurred), whether based on federal, state, local, foreign, statutory, or common law or any other law, rule or regulation, whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, whether class, individual, or otherwise in nature, whether personal or subrogated, whether suspected or unsuspected, including both known claims and Unknown Claims, that have (1) been asserted in this Action by Lead Plaintiff against any of the Released Parties, or (2) that have been or could have been asserted in this Action or any forum by Lead Plaintiff or any Settlement Class Member against any of the Released Parties which in any way, directly or indirectly, arise out of, are related to, or are based upon (i) the purchase, sale, transfer, acquisition or ownership of Braskem ADRs during the Class Period and (ii) any allegations, transactions, facts, matters or occurrences, representations or omissions that were or could have been alleged, involved, set forth, or referred to in any of the Complaints in this Action, including (without limitation) the alleged making of improper payments in exchange for naphtha pricing concessions from Petroleo Brasileiro S.A. ("Petrobras").

53.     "Released Parties" means the CAC Defendants; each of their respective current and former officers, directors, employees, agents, servants, representatives, parents, subsidiaries, affiliates, controlled persons, controlling persons, successors, predecessors, assigns, assignees, attorneys, accountants, advisors, insurers, family members and partners; and each of their respective heirs, executors, administrators, legal representatives, successors and assigns. For the avoidance of doubt, the parties expressly acknowledge and agree that the definition of "Released Parties" includes, in addition to the Defendants (as defined herein), the following individuals and entities previously named as defendants in the CAC: Marcela Drehmer, Mario da Silva, Bernardo Gradin, and Odebrecht S.A. and their respective related parties as defined above.

54.     "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, and any of the Settled Defendants' Claims which Defendants do not know or suspect to exist in his, her or its favor, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims and Settled Defendants' Claims, Lead Plaintiff and Defendants stipulate and agree that upon the Effective Date, Lead Plaintiff and Defendants shall each, for themselves and all persons claiming by, through, or on behalf of them, expressly waive, and each Settlement Class Member shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, that is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

A general release does not extend to claims which the creditor does not know or suspect exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and Settlement Class Members and Defendants' successors and assigns and any persons or entities claiming through or on behalf of Defendants shall, by operation of law, be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Settled Defendants' Claims were separately bargained for and was a material element of this Settlement.

**WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASS SEEKING? HOW WILL THE LAWYERS BE PAID?**

55.     Lead Counsel has not received any payment for its services in pursuing claims against Defendants on behalf of the Settlement Class, nor has Lead Counsel been reimbursed for its out-of-pocket expenses. Before final approval of the Settlement, Lead Counsel intends to apply to the Court for an award of attorneys' fees from the Settlement Fund in an amount not to exceed 25% of the Settlement Fund, after deducting the Litigation Expenses described below (or approximately $2,450,000, depending on the total amount of Litigation Expenses submitted for reimbursement), plus interest at the same rate and for the same time period as earned by the Settlement Fund. At the same time, Lead Counsel also intends to apply for the reimbursement of certain Litigation Expenses in an amount not to exceed $200,000, plus interest at the same rate and for the same time period as earned by the Settlement Fund. The sums approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for the payment of these sums.

**HOW DO I PARTICIPATE IN THE SETTLEMENT? WHAT DO I NEED TO DO?**

56.     If you purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs as described above, and you are not excluded from the definition of the Settlement Class and you do not timely exclude yourself from the Settlement Class in the manner provided in this Notice, then you are a member of the Settlement Class and you will be bound by the proposed Settlement if the Court approves it, and by any judgment or determination of the Court affecting the Settlement Class. If you are a member of the Settlement Class, you must submit a Proof of Claim Form and supporting documentation to establish your entitlement to share in the Settlement. A Proof of Claim Form is included with this Notice, or you may go to the website maintained by the Claims Administrator for the Settlement to request that a Proof of Claim Form be mailed to you. The website is www.BraskemSecuritiesSettlement.com. You may also request a Proof of Claim Form by calling toll-free (855) 872-7076 or emailing Questions@BraskemSecuritiesSettlement.com. Copies of the Proof of Claim Form can also be downloaded from Lead Counsel's website at www.cohenmilstein.com. Those who exclude themselves from the Settlement Class, and those who do not submit timely and valid Proof of Claim Forms with adequate supporting documentation, will not be eligible to share in the Settlement. Please retain all records of your ownership of, or transactions in, Braskem ADRs during the Class Period, as they may be needed to document your

claim. Do not submit original documentation with your Proof of Claim Form—submit copies only—because materials submitted will not be returned.

57.     As a Settlement Class Member, you are represented by Lead Plaintiff and Lead Counsel unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her notice of appearance on the attorneys listed in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

58.     If you do not wish to remain a Settlement Class Member, you may exclude yourself from the Settlement Class by following the instructions in the section below entitled, "What If I Do Not Want To Be A Part Of The Settlement? How Do I Exclude Myself?"

59.     If you wish to object to the Settlement or any of its terms, the proposed Plan of Allocation, or Lead Counsel's application for attorneys' fees and reimbursement of Litigation Expenses, and if you do not exclude yourself from the Settlement Class, you may present your objections by following the instructions in the section below entitled, "When and Where Will the Court Decide Whether to Approve the Settlement?"

---

### WHAT IF I DO NOT WANT TO BE A PART OF THE SETTLEMENT? HOW DO I EXCLUDE MYSELF?

---

60.     Each Settlement Class Member will be bound by all determinations and judgments in this lawsuit, including those concerning the Settlement and the releases contained therein, whether favorable or unfavorable, unless such person or entity mails, by first class mail (or its equivalent outside the U.S.), or otherwise delivers a written request for exclusion from the Settlement Class, addressed to Braskem, S.A. Securities Settlement, c/o GCG P.O. Box 10495 Dublin, Ohio 43017-4095. The exclusion request must be received by no later than January 22, 2018. Each request for exclusion must clearly indicate the name, address and telephone number of the person or entity seeking exclusion, that the sender requests to be excluded from the Settlement Class in *In re Braskem, S.A., Securities Litigation*, Case No. 15-CV-5132-PAE (S.D.N.Y.), and must be signed by such person or entity. Such persons or entities requesting exclusion are also required to provide the following information: (i) the quantity of Braskem ADRs purchased (or otherwise acquired) or sold between July 15, 2010 and March 11, 2015, both dates inclusive; (ii) the prices or other consideration paid or received for such ADRs; and (iii) the dates of such transactions. Requests for exclusion will not be valid if they do not include the information set forth above and are not received within the time stated above, unless the Court otherwise determines.

***Please keep a copy of everything you send by mail, in case it is lost during shipping.***

61.     If a person or entity requests to be excluded from the Settlement Class, that person or entity will not receive any benefit provided for in the Settlement.

---

### WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT?
### DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?

---

62.     **If you do not wish to object in person to the proposed Settlement and/or the application for attorneys' fees and reimbursement of Litigation Expenses, you do not need to attend the Final Approval Hearing. You can object to or participate in the Settlement without attending the Final Approval Hearing.**

63.     The Final Approval Hearing will be held on February 21, 2018 at 10:00 A.M., before the Honorable Paul A. Engelmayer at the United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 706, New York, New York 10007. The Court has the right to approve the Settlement, the Plan of Allocation or the request for attorneys' fees and reimbursement of Litigation Expenses at or after the Final Approval Hearing without further notice to the members of the Settlement Class.

64.     Any Settlement Class Member who does not request exclusion in accordance with ¶ 60 above may object to the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other supporting papers and briefs, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below on or before January 31, 2018. You must also serve the papers on Lead Counsel for the Settlement Class and Defendants' Counsel at the addresses set forth below so that the papers are *received* on or before February 7, 2018.

| Clerk's Office | Lead Counsel for Settlement Class | Defendants' Counsel |
|---|---|---|
| U.S. DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK 500 Pearl Street New York, NY 10007 | COHEN MILSTEIN SELLERS & TOLL PLLC Steven J. Toll 1100 New York Ave. N.W. Suite 500 Washington, D.C. 20005 | COVINGTON & BURLING LLP Mark P. Gimbel The New York Times Building 620 Eighth Avenue New York, NY 10018 |

65.     To object, you must send a letter, brief or other writing saying that you object to the Settlement in *In re Braskem, S.A., Securities Litigation*, Case No. 15-CV-5132-PAE, and explaining in detail the basis for your objection or objections. Be sure to include your name, address, telephone number, your signature, the quantity of Braskem ADRs that you purchased or acquired from July 15, 2010 through March 11, 2015, both dates inclusive, the dates of these purchases and sales, and copies of documents (such as

brokerage statements) sufficient to show that you are a member of the Settlement Class. Persons or entities who intend to object to the Settlement, the Plan of Allocation and/or to Lead Counsel's application for an award of attorneys' fees and reimbursement of Litigation Expenses must include a list of cases in which you or your counsel have appeared as settlement objectors or counsel for objectors in the preceding five years.

66.    You may not object to the Settlement, or any aspect of it, if you are not a member of the Settlement Class or if you excluded yourself from the Settlement Class.

67.    If you wish to be heard orally at the Final Approval Hearing in opposition to the approval of the Settlement, the Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, and if you have filed and served a timely written objection as described above, you also must notify the above counsel on or before February 7, 2018, concerning your intention to appear. Persons or entities who intend to object and desire to present evidence at the Final Approval Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.

68.    You may file a written objection without having to appear at the Final Approval Hearing. You may not appear at the Final Approval Hearing to present your objection, however, unless you first filed and served a written objection in accordance with the procedures described above, unless the Court orders otherwise.

69.    You are not required to hire an attorney to represent you in making written objections or in appearing at the Final Approval Hearing. If you decide to hire an attorney at your own expense, he or she must file a notice of appearance with the Court and serve it on Lead Counsel so that the notice is received on or before February 7, 2018.

70.    If you object to the Settlement, the Plan of Allocation and/or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses, or otherwise request to be heard at the Final Approval Hearing in the manner stated above, you are submitting to the jurisdiction of the Court with respect to the subject matter of the Settlement, including, but not limited to, the release of the Released Claims contained in the Judgment. If the Court overrules your objection and approves the Settlement or the part of the Settlement to which you have objected, you only will potentially share in the Net Settlement Fund if you file a Proof of Claim Form in the manner stated in ¶ 56 above and the Claims Administrator approves your claim.

71.    The Final Approval Hearing may be adjourned by the Court without further written notice to the Settlement Class. Any new date for the Final Approval Hearing will be posted on the settlement website at www.BraskemSecuritiesSettlement.com. If you intend to attend the Final Approval Hearing, you should confirm the date and time with Lead Counsel.

72.    **Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement or Lead Counsel's request for reimbursement of expenses. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT ADRs ON SOMEONE ELSE'S BEHALF?

73.    If you purchased or otherwise acquired Braskem ADRs for the beneficial interest of a person or organization other than yourself, you must either (i) within fourteen (14) days after you receive this Notice, request from the Claims Administrator sufficient copies of the Notice and the Proof of Claim Form to forward to all such beneficial owners, and within fourteen (14) days of receipt of the copies of the Notice and the Proof of Claim Form forward them to all such beneficial owners; or (ii) within fourteen (14) days after you receive this Notice, provide a list of the names and addresses of all such beneficial owners (preferably in electronic format (*e.g.*, Excel.csv)) to Braskem, S.A. Securities Settlement, c/o GCG P.O. Box 10495 Dublin, Ohio 43017-4095 or by email to Questions@BraskemSecuritiesSettlement.com. If you choose the second option, the Claims Administrator will send a copy of the Notice and the Proof of Claim Form to each beneficial owner whose name and address you provide. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses *actually* incurred by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Copies of this Notice may also be obtained by calling the Claims Administrator at (855) 872-7076. Copies of this Notice may be downloaded from the settlement website, www.BraskemSecuritiesSettlement.com, or from Lead Counsel's website, www.cohenmilstein.com.

### CAN I SEE THE COURT FILE? WHO SHOULD I CONTACT IF I HAVE QUESTIONS?

74.    This Notice contains only a summary of the terms of the proposed Settlement. More detailed information about the matters involved in the Action is available at www.BraskemSecuritiesSettlement.com, including, among other documents, copies of the Settlement and the Complaint. All inquiries concerning this Notice should be directed to:

BRASKEM, S.A., SECURITIES SETTLEMENT
c/o GCG
P.O. Box 10495
Dublin, Ohio 43017-4095
Questions@BraskemSecuritiesSettlement.com

**OR**

COHEN MILSTEIN SELLERS & TOLL PLLC
Steven J. Toll
1100 New York Ave. N.W.
Suite 500, East Tower
Washington, D.C. 20005
Tel: (202) 408-4600
stoll@cohenmilstein.com

*Lead Counsel*

**DO NOT CALL OR WRITE THE COURT OR THE OFFICE OF THE CLERK OF COURT REGARDING THIS NOTICE.**

Dated: October 6, 2017                         By Order of the Court
                                               United States District Court
                                               for the Southern District of New York



| Must Be<br>Postmarked<br>No Later Than<br>January 16, 2018 |
| :---: |

**Braskem, S.A. Securities Settlement**
**c/o GCG**
**P.O. Box 10495**
**Dublin, OH 43017-4095**
**(855) 872-7076**
**www.BraskemSecuritiesSettlement.com**



Claim Number:

Control Number:

# PROOF OF CLAIM FORM

**TABLE OF CONTENTS**                                                                                          **PAGE #**

**PART I - CLAIMANT IDENTIFICATION** ................................................................................................ 3

**PART II - SCHEDULE OF TRANSACTIONS IN BRASKEM, S.A. AMERICAN DEPOSITARY RECEIPTS** ...... 4

**PART III - SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS** .................. 5

**PART IV - RELEASE** ............................................................................................................ 5-6

**REMINDER CHECKLIST** ....................................................................................................... 7

**Important** - *This form should be completed IN CAPITAL LETTERS using BLACK or DARK BLUE ballpoint/fountain pen. Characters and marks used should be similar in the style to the following:*

A B C D E F G H I J K L M N O P Q R S T U V W X Y Z 1 2 3 4 5 6 7 0



## GENERAL RULES FOR RECOVERING

1.      To recover as a Settlement Class Member based on your claims in the action entitled *In re Braskem, S.A., Securities Litigation*, Case No. 15-CV-5132-PAE (the "Action"),[1]  you must complete and, on page 6 hereof, sign this Proof of Claim Form. If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim Form, your Claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Action.

2.      Submission of this Proof of Claim Form, however, does not assure that you will share in the proceeds of the Settlement of the Action. Your recovery, if any, will be calculated as described in the Plan of Allocation in the Notice of Pendency of Class Action and Proposed Settlement ("Notice").

3.      YOU MUST MAIL YOUR COMPLETED AND SIGNED PROOF OF CLAIM FORM POSTMARKED ON OR BEFORE JANUARY 16, 2018, ADDRESSED AS FOLLOWS:

*Braskem, S.A., Securities Settlement*
*c/o GCG*
*P.O. Box 10495*
*Dublin, OH 43017-4095*

4.      If you are NOT a Settlement Class Member (as defined in the Notice), DO NOT submit a Proof of Claim Form.

5.      If you are a Settlement Class Member and you did not timely and validly request exclusion from the proposed Settlement, you will still be bound by the terms of the Settlement and any judgment entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM FORM.

## IDENTIFICATION OF CLAIMANT

6.      THIS PROOF OF CLAIM FORM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S), OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S), OF THE BRASKEM, S.A. AMERICAN DEPOSITARY RECEIPTS (TICKER SYMBOL: BAK) UPON WHICH THESE CLAIMS ARE BASED.

7.      Use Part I of this form entitled "Claimant Identification" to identify each beneficial purchaser.

8.      All joint purchasers must sign this Proof of Claim Form. Executors, administrators, guardians, conservators, and trustees must complete and sign this Proof of Claim Form on behalf of Persons represented by them, and their authority must accompany this Claim and their titles or capacities must be stated. The last four digits of the Social Security (or taxpayer identification) number and telephone number of the beneficial owner(s) may be used in verifying the Claim. Failure to provide the foregoing information could delay verification of your Claim or result in rejection of the Claim.

## IDENTIFICATION OF TRANSACTION(S)

9.      Use Part II of this form entitled "Schedule of Holdings and Transactions in Braskem, S.A. American Depositary Receipts" to supply all required details of your transaction(s) in Braskem American Depositary Receipts ("ADRs"). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

10.     On the schedules, provide all of the requested information with respect to all of your purchases of Braskem ADRs which took place during the Class Period, whether such transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your Claim.

11.     List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

12.     You should attach documentation verifying your transactions in Braskem ADRs, such as copies of broker confirmations. Failure to provide this documentation could delay verification of your Claim or result in rejection of your Claim.

---

[1] This Proof of Claim Form incorporates by reference the definitions in the Stipulation and Agreement of Settlement dated September 14, 2017 ("Settlement"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement. A copy of the Settlement can be obtained at www.BraskemSecuritiesSettlement.com.

3

## PART I - CLAIMANT IDENTIFICATION

**Claimant or Representative Contact Information**:

The Claims Administrator will use the contact information for all correspondence relevant to this Claim (including the distribution (check), if the Claim is ultimately determined to be eligible for payment). If the contact information changes, then you must notify the Claims Administrator in writing at the above address.

**Claimant Name(s)** (as you would like the name(s) to appear on the check, if eligible for payment):

**Street Address:**

**City:**                                                                                    **Last 4 digits of Claimant SSN/TIN**[2]**:**

**State:**        **Zip Code:**        **Country (if Other than U.S.):**

**Representative's Name** (if different from the Claimant Name(s) listed above:):

**Daytime Telephone Number:**                                    **Evening Telephone Number:**

**Email Address**        (Email address is not required, but if you provide it you authorize the Claims Administrator to use it in providing you with information relevant to this claim.)

**NOTICE REGARDING ELECTRONIC FILES:** Certain Investors with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. To obtain the mandatory electronic filing requirements and file layout, you may visit the Braskem, S.A. Securities Settlement website at www.BraskemSecuritiesSettlement.com or you may e-mail the Claims Administrator at eclaim@choosegcg.com. Any file not in accordance with the required electronic filing format will be subject to rejection. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email after processing your file with your claim numbers and respective account information. Do not assume that your file has been received or processed until you receive this email. If you do not receive an email within 10 days of your submission, you should contact the electronic filing department at eclaim@choosegcg.com to inquire about your file and confirm it was received and acceptable.

[2] The last four digits of the taxpayer identification number (TIN), consisting of a valid Social Security Number (SSN) for individuals or Employer Identification Number (EIN) for business entities, trusts, estates, etc., and telephone number of the beneficial owner(s) may be used in verifying this claim.



## PART II - SCHEDULE OF HOLDINGS AND TRANSACTIONS IN BRASKEM, S.A. AMERICAN DEPOSITARY RECEIPTS

**A.     BEGINNING HOLDINGS:**  List all Braskem ADRs (ticker symbol: BAK) held as of the beginning of trading on **July 15, 2010.**

Quantity of ADRs Held

**B.     PURCHASES/ACQUISITIONS:** List all purchases and acquisitions of Braskem ADRs (ticker symbol: BAK) between **July 15, 2010** and **June 8, 2015**, both dates inclusive. Be sure to attach documentation verifying your transactions. (Must be documented.)

| Trade Date (List Chronologically) (Month/Day /Year) | Number of ADRs | Price Per ADR | Total Purchase Price (excluding taxes, commissions and fees) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**C.     Sales:** List all sales of Braskem ADRs (ticker symbol: BAK) from **July 15, 2010** and **June 8, 2015**, both dates inclusive. (Must be documented.)

| Trade Date (List Chronologically) (Month/Day /Year) | Number of ADRs | Price Per ADR | Total Sales Proceeds (excluding taxes, commissions and fees) |
|---|---|---|---|
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |
| / / | | . | . |

**D.     Unsold Holdings:** List the number of Braskem ADRs (ticker symbol: BAK) held as of the close of trading on **June 8, 2015**. Be sure to attach documentation verifying your holdings such as a current account statement. (Must be documented.)

Quantity of ADRs Held

PLEASE NOTE: Only purchases or acquisitions made during the Class Period (July 15, 2010 through and including March 11, 2015) will be used to calculate your Recognized Loss. Information requested with respect to your purchases/acquisitions of ADRs from March 12, 2015 through June 8, 2015 is needed in order to balance your claim and are not eligible to participate in the Settlement as these purchases/acquisitions are outside the Class Period.  However, sales of ADRs from March 12, 2015 through June 8, 2015 will be used to determine whether the cap on damages set forth in the Private Securities Litigation Reform Act applies, as described on pages 6-7 of the Notice.

**IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX**
**IF YOU DO NOT CHECK THIS BOX THESE ADDITIONAL PAGES WILL NOT BE REVIEWED**



| PART III - SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS |
| --- |

I (WE) SUBMIT THIS PROOF OF CLAIM FORM UNDER THE TERMS OF THE SETTLEMENT DESCRIBED IN THE NOTICE. I (WE) ALSO SUBMIT TO THE JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK WITH RESPECT TO MY (OUR) CLAIM AS A SETTLEMENT CLASS MEMBER AND FOR PURPOSES OF ENFORCING THE RELEASES SET FORTH IN THE SETTLEMENT AND REPEATED HEREIN. I (WE) FURTHER ACKNOWLEDGE THAT I AM (WE ARE) BOUND BY AND SUBJECT TO THE TERMS OF ANY JUDGMENT THAT MAY BE ENTERED IN THE ACTION. I (WE) AGREE TO FURNISH ADDITIONAL INFORMATION TO THE CLAIMS ADMINISTRATOR TO SUPPORT THIS CLAIM IF REQUESTED TO DO SO. I (WE) HAVE NOT SUBMITTED ANY OTHER CLAIM COVERING THE SAME PURCHASES OR SALES OF BRASKEM, S.A. ADR AND KNOW OF NO OTHER PERSON HAVING DONE SO ON MY (OUR) BEHALF.

| PART IV - RELEASE |
| --- |

1.      I (WE) HEREBY ACKNOWLEDGE, ON BEHALF OF MYSELF (OURSELVES) AND EACH OF MY (OUR) HEIRS, EXECUTORS, ADMINISTRATORS, PREDECESSORS, SUCCESSORS AND ASSIGNS, AND ANY OTHER PERSON CLAIMING BY, THROUGH OR ON BEHALF OF ME (US), THAT I (WE) (A) RELEASE, WAIVE, DISCHARGE AND DISMISS EACH AND EVERY OF THE RELEASED CLAIMS AGAINST THE RELEASED PARTIES; (B) ARE FOREVER ENJOINED FROM COMMENCING, INSTITUTING OR PROSECUTING ANY OR ALL OF THE RELEASED CLAIMS AGAINST ANY OF THE RELEASED PARTIES; AND (C) ARE FOREVER ENJOINED FROM INSTITUTING, CONTINUING, MAINTAINING OR ASSERTING, EITHER DIRECTLY OR INDIRECTLY, WHETHER IN THE UNITED STATES OR ELSEWHERE, ON MY (OUR) OWN BEHALF OR ON BEHALF OF ANY CLASS OR ANY OTHER PERSON, ANY ACTION, SUIT, CAUSE OF ACTION, CLAIM OR DEMAND AGAINST ANY PERSON OR ENTITY WHO MAY CLAIM ANY FORM OF CONTRIBUTION OR INDEMNITY FROM ANY OF THE RELEASED PARTIES IN RESPECT OF ANY RELEASED CLAIM OR ANY MATTER RELATED THERETO.

2.      "RELEASED PARTIES" MEANS BRASKEM, S.A. AND CARLOS FADIGAS, BERNARDO AFONSO DE ALMEIDA GRADIN, MARCELA APARECIDA DREHMER ANDRADE, MARIO AUGUSTO DA SILVA, AND ODEBRECHT S.A.; EACH OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, AGENTS, SERVANTS, REPRESENTATIVES, PARENTS, SUBSIDIARIES, AFFILIATES, CONTROLLED PERSONS, CONTROLLING PERSONS, SUCCESSORS, PREDECESSORS, ASSIGNS, ASSIGNEES, ATTORNEYS, ACCOUNTANTS, ADVISORS, INSURERS, FAMILY MEMBERS AND PARTNERS; AND EACH OF THEIR RESPECTIVE HEIRS, EXECUTORS, ADMINISTRATORS, LEGAL REPRESENTATIVES, SUCCESSORS AND ASSIGNS.

3.      "RELEASED CLAIMS" MEANS ANY AND ALL CLAIMS, DEBTS, DEMANDS, RIGHTS OR CAUSES OF ACTION OR LIABILITIES WHATSOEVER (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS FOR DAMAGES, INTEREST, ATTORNEYS' FEES, EXPERT OR CONSULTING FEES, AND ANY OTHER COSTS, PENALTIES, EXPENSES OR LIABILITY WHATSOEVER, WHENEVER OR WHEREVER INCURRED), WHETHER BASED ON FEDERAL, STATE, LOCAL, FOREIGN, STATUTORY, OR COMMON LAW OR ANY OTHER LAW, RULE OR REGULATION, WHETHER FIXED OR CONTINGENT, ACCRUED OR UNACCRUED, LIQUIDATED OR UNLIQUIDATED, AT LAW OR IN EQUITY, MATURED OR UNMATURED, WHETHER CLASS, INDIVIDUAL, OR OTHERWISE IN NATURE, WHETHER PERSONAL OR SUBROGATED, WHETHER SUSPECTED OR UNSUSPECTED, INCLUDING BOTH KNOWN CLAIMS AND UNKNOWN CLAIMS, THAT HAVE (1) BEEN ASSERTED IN THIS ACTION BY LEAD PLAINTIFF AGAINST ANY OF THE RELEASED PARTIES, OR (2) THAT HAVE BEEN OR COULD HAVE BEEN ASSERTED IN THIS ACTION OR ANY FORUM BY LEAD PLAINTIFF OR ANY SETTLEMENT CLASS MEMBER AGAINST ANY OF THE RELEASED PARTIES WHICH IN ANY WAY, DIRECTLY OR INDIRECTLY, ARISE OUT OF, ARE RELATED TO, OR ARE BASED UPON (I) THE PURCHASE, SALE, TRANSFER, ACQUISITION OR OWNERSHIP OF BRASKEM ADRS DURING THE CLASS PERIOD AND (II) ANY ALLEGATIONS, TRANSACTIONS, FACTS, MATTERS OR OCCURRENCES, REPRESENTATIONS OR OMISSIONS THAT WERE OR COULD HAVE BEEN ALLEGED, INVOLVED, SET FORTH, OR REFERRED TO IN ANY OF THE COMPLAINTS IN THIS ACTION, INCLUDING (WITHOUT LIMITATION) THE ALLEGED MAKING OF IMPROPER PAYMENTS IN EXCHANGE FOR NAPHTHA PRICING CONCESSIONS FROM PETROLEO BRASILEIRO S.A. ("PETROBRAS"). NOTWITHSTANDING THE FOREGOING, "RELEASED CLAIMS" DOES NOT INCLUDE CLAIMS RELATING TO THE ENFORCEMENT OF THE SETTLEMENT OR ITS TERMS.

4.      "UNKNOWN CLAIMS" MEANS ANY AND ALL RELEASED CLAIMS THAT LEAD PLAINTIFF OR ANY SETTLEMENT CLASS MEMBER DOES NOT KNOW OR SUSPECT TO EXIST IN HIS, HER OR ITS FAVOR AT THE TIME OF THE RELEASE OF THE RELEASED PARTIES, AND ANY OF THE SETTLED DEFENDANTS' CLAIMS WHICH DEFENDANTS DO NOT KNOW OR SUSPECT TO EXIST IN HIS, HER OR ITS FAVOR, WHICH IF KNOWN BY HIM, HER OR IT MIGHT HAVE AFFECTED HIS, HER OR ITS DECISION(S) WITH RESPECT TO THE SETTLEMENT. WITH RESPECT TO ANY AND ALL RELEASED CLAIMS AND SETTLED DEFENDANTS' CLAIMS, LEAD PLAINTIFF AND DEFENDANTS STIPULATE AND AGREE THAT UPON THE EFFECTIVE DATE, LEAD PLAINTIFF AND DEFENDANTS SHALL EACH, FOR THEMSELVES AND ALL PERSONS CLAIMING BY, THROUGH, OR ON BEHALF OF THEM, EXPRESSLY WAIVE, AND EACH SETTLEMENT CLASS MEMBER SHALL BE DEEMED TO HAVE WAIVED, AND BY OPERATION OF THE JUDGMENT SHALL HAVE EXPRESSLY WAIVED, ANY AND ALL PROVISIONS, RIGHTS AND BENEFITS CONFERRED BY ANY LAW OF ANY STATE OR TERRITORY OF THE UNITED STATES, OR PRINCIPLE OF COMMON LAW, THAT IS SIMILAR, COMPARABLE, OR EQUIVALENT TO CAL. CIV. CODE § 1542, WHICH PROVIDES:

        A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
        EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST
        HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## PART IV - RELEASE (CONTINUED)

LEAD PLAINTIFF AND DEFENDANTS ACKNOWLEDGE, AND SETTLEMENT CLASS MEMBERS AND DEFENDANTS' SUCCESSORS AND ASSIGNS AND ANY PERSONS OR ENTITIES CLAIMING THROUGH OR ON BEHALF OF DEFENDANTS SHALL, BY OPERATION OF LAW, BE DEEMED TO HAVE ACKNOWLEDGED, THAT THE INCLUSION OF "UNKNOWN CLAIMS" IN THE DEFINITION OF RELEASED CLAIMS AND SETTLED DEFENDANTS' CLAIMS WERE SEPARATELY BARGAINED FOR AND WAS A MATERIAL ELEMENT OF THIS SETTLEMENT.

5.      THIS RELEASE SHALL BE OF NO FORCE OR EFFECT UNLESS AND UNTIL THE COURT APPROVES THE SETTLEMENT AND THE EFFECTIVE DATE OF THE SETTLEMENT (AS DEFINED IN THE SETTLEMENT) OCCURS.

6.      I (WE) HEREBY WARRANT AND REPRESENT THAT I (WE) HAVE NOT ASSIGNED OR TRANSFERRED OR PURPORTED TO ASSIGN OR TRANSFER, VOLUNTARILY OR INVOLUNTARILY, ANY MATTER RELEASED PURSUANT TO THE SETTLEMENT OR ANY OTHER PART OR PORTION THEREOF.

7.      I (WE) HEREBY WARRANT AND REPRESENT THAT I (WE) HAVE INCLUDED INFORMATION ABOUT ALL OF MY (OUR) PURCHASES AND SALES OF BRASKEM ADR DURING THE REQUIRED PERIODS AS SET FORTH ABOVE.

8.      I (WE) HEREBY WARRANT AND REPRESENT THAT I AM (WE ARE) NOT EXCLUDED FROM THE CLASS AS DEFINED IN THE NOTICE AND THAT I (WE) HAVE NOT REQUESTED TO BE EXCLUDED FROM THE CLASS PURSUANT TO THE PROCEDURES SET FORTH IN THE NOTICE.

9.      I (WE) CERTIFY THAT I AM (WE ARE) NOT SUBJECT TO BACKUP WITHHOLDING UNDER THE PROVISIONS OF SECTION 3406(A)(1)(C) OF THE INTERNAL REVENUE CODE.

**NOTE:**  IF YOU HAVE BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE THAT YOU ARE SUBJECT TO BACKUP WITHHOLDING, PLEASE STRIKE OUT THE LANGUAGE THAT YOU ARE NOT SUBJECT TO BACKUP WITHHOLDING IN THE CERTIFICATION ABOVE.

I (We) declare that the foregoing information supplied by the undersigned is true and correct.
Executed this _____ day of _____ in _____.
(Month) (Year)                              (City, State, Country)

**Signature of Claimant (if this claim is being made on behalf of Joint Claimants, then each must sign.)**

_____          _____
Signature of Claimant                                                      Date

_____
Print your name here

_____          _____
Signature of Joint Claimant, if any                                    Date

_____
Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*

_____          _____
Signature of person signing on behalf of Claimant              Date

_____
Print your name here

_____
Capacity of person signing on behalf of Claimant, if other than
an individual, *e.g.*, executor, president, custodian, etc.

## REMINDER CHECKLIST

1.  Please sign the Release section of the Proof of Claim Form.

2.  If this Proof of Claim Form is being made on behalf of Joint Investors, then both must sign.

3.  Remember to attach supporting documentation.

4.  **DO NOT SEND ORIGINALS OF ANY SUPPORTING DOCUMENTS.**

5.  Keep a copy of your Proof of Claim Form and all documentation submitted for your records.

6.  If you move, please send your new address to the Claims Administrator at the address below.

7.  Do not use highlighter on the Proof of Claim Form or supporting documentation.

8.  The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at (855) 872-7076.

*THIS PROOF OF CLAIM FORM MUST BE POSTMARKED (OR IF NOT SENT BY U.S. MAIL, RECEIVED) NO LATER THAN JANUARY 16, 2018 AND MUST BE MAILED TO:*

**Braskem, S.A. Securities Settlement**
**c/o GCG**
**P.O. Box 10495**
**Dublin, Ohio 43017-4095**
**Questions@BraskemSecuritiesSettlement.com**

# EXHIBIT B

# AFFIDAVIT

| | |
|---|---|
| STATE OF TEXAS | ) |
| | )  ss: |
| CITY AND COUNTY OF DALLAS) | |

I, Jeb Smith, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher

of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout

the United States, Asia and Europe, and that the notice attached to this Affidavit has been regularly

published in THE WALL STREET JOURNAL for distribution in the National Edition for

1   insertion(s) on the following date(s):

OCT-06-2017;

ADVERTISER: BRASKEM, S.A;

and that the foregoing statements are true and correct to the best of my knowledge.

Sworn to before me this
6 day of October 2017

Notary Public

ANDREW PATRICK JOHNSON
Notary Public State of Texas
My Commission# 129334870
My Comm. Exp. Mar. 01, 2021

**CLASS ACTIONS**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| IN RE BRASKEM, S.A., SECURITIES LITIGATION | Civil Action No. 15-CV-5132-PAE |
|---|---|

### SUMMARY NOTICE OF PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT

**TO: ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED AMERICAN DEPOSITARY RECEIPTS ("ADR") OF BRASKEM, S.A. ("BRASKEM" OR THE "COMPANY") (TICKER SYMBOL: BAK) BETWEEN JULY 15, 2010 AND MARCH 11, 2015, INCLUSIVE (THE "CLASS PERIOD").**

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED that a proposed Settlement has been reached in this Action.[1] A hearing will be held with respect to the Settlement on February 21, 2018 at 10 a.m. before the Honorable Paul A. Engelmayer in the United States District Court for the Southern District of New York, 40 Foley Square, Courtroom 706, New York, New York.

The purpose of the hearing is to determine, among other things, whether the proposed Settlement of the securities class action claims asserted in this Action, pursuant to which Braskem, S.A., on behalf of all Defendants, will cause to be deposited into a Settlement Fund the sum of $10 million in exchange for the dismissal of the Action with prejudice and a release of claims against the Defendants and other Released Parties, should be approved by the Court as fair, reasonable, adequate and in the best interests of the Settlement Class. If you purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs (ticker symbol: BAK) during the Class Period, you may be entitled to share in the distribution of the Settlement Fund if you submit a Proof of Claim Form no later than January 16, 2018, and if the information and documentation you provide in that Proof of Claim Form establishes that you are entitled to a recovery.

This Summary Notice provides only a summary of matters regarding the Action and the Settlement. A detailed notice (the "Notice") describing the Action, the proposed Settlement, and the rights of Settlement Class Members to appear in Court at the Final Approval Hearing, to request to be excluded from the Settlement Class, and/or to object to the Settlement, the Plan of Allocation and/or the request by Lead Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, has been mailed to persons or entities known to be potential Settlement Class Members. You may obtain a copy of that Notice, a Proof of Claim Form, or other information at www.BraskemSecuritiesSettlement.com, or by writing to the following address or calling the following telephone number.

**Braskem, S.A. Securities Litigation**
**c/o GCG**
**P.O. Box 10495**
**Dublin, Ohio 43017-4095**
**(855) 872-7076**
**Questions@BraskemSecuritiesSettlement.com**

If you are a Settlement Class Member, you have the right to object to the Settlement, the Plan of Allocation and/or the request by Lead Counsel for an award of attorneys' fees and Litigation Expenses, or otherwise request to be heard, by submitting a written objection in accordance with the procedures described in the Notice. The objection must be filed no later than January 31, 2018 and served so that it is received no later than February 7, 2018. You also have the right to exclude yourself from the Class by submitting a written request for exclusion from the Class in accordance with the procedures described in the Notice. The request for exclusion must be received no later than January 22, 2018. If the Settlement is approved by the Court, you will be bound by the Settlement and the Court's Judgment, including the releases provided for in the Settlement and Judgment, unless you submit a request to be excluded.

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. Inquiries, other than requests for the detailed Notice referenced above and a Proof of Claim Form, may be made to Lead Counsel for the Lead Plaintiff:

**COHEN MILSTEIN SELLERS & TOLL PLLC**
Steven J. Toll
1100 New York Ave N.W.
Suite 500, East Tower
Washington, D.C. 20005
Tel: (202) 408-4600
stoll@cohenmilstein.com

Dated: October 6, 2017

By Order of the Court, United States District Court for the Southern District of New York

---

[1] This Summary Notice incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated September 14, 2017 (the "Settlement"), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement. A copy of the Settlement can be obtained at www.BraskemSecuritiesSettlement.com.

# EXHIBIT C

**Tammy Ollivier**

| | |
|---|---|
| **From:** | sfhubs@prnewswire.com |
| **Sent:** | Friday, October 06, 2017 6:00 AM |
| **To:** | Tammy Ollivier; GCGBuyers |
| **Subject:** | PR Newswire: Press Release Distribution Confirmation for Cohen Milstein Sellers & Toll PLLC . ID#1953301-1-1 |

Hello

Your press release was successfully distributed at: 06-Oct-2017 09:00:00 AM ET


Release headline: The Law Firm of Cohen Milstein Sellers & Toll PLLC Announces the Pendency and Proposed Settlement of a Class Action on Behalf of Purchasers of Braskem, S.A. American Depositary Receipts
Word Count: 802
Product Selections:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 1953301-1-1


View your release:* http://www.prnewswire.com/news-releases/the-law-firm-of-cohen-milstein-sellers--toll-pllc-announces-the-pendency-and-proposed-settlement-of-a-class-action-on-behalf-of-purchasers-of-braskem-sa-american-depositary-receipts-300530343.html?tc=eml_cleartime

1


Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com


Discover how to measure strategic goals across channels to assist in achieving your communications objectives: http://www.prnewswire.com/knowledge-center/Matching-Measurement-to-Medium-Press-Release-Metrics-across-Channels.html

US Members, find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center: https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes.

# EXHIBIT D


---

## PART III - SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (WE) SUBMIT THIS PROOF OF CLAIM FORM UNDER THE TERMS OF THE SETTLEMENT DESCRIBED IN THE NOTICE. I (WE) ALSO SUBMIT TO THE JURISDICTION OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK WITH RESPECT TO MY (OUR) CLAIM AS A SETTLEMENT CLASS MEMBER AND FOR PURPOSES OF ENFORCING THE RELEASES SET FORTH IN THE SETTLEMENT AND REPEATED HEREIN. I (WE) FURTHER ACKNOWLEDGE THAT I AM (WE ARE) BOUND BY AND SUBJECT TO THE TERMS OF ANY JUDGMENT THAT MAY BE ENTERED IN THE ACTION. I (WE) AGREE TO FURNISH ADDITIONAL INFORMATION TO THE CLAIMS ADMINISTRATOR TO SUPPORT THIS CLAIM IF REQUESTED TO DO SO. I (WE) HAVE NOT SUBMITTED ANY OTHER CLAIM COVERING THE SAME PURCHASES OR SALES OF BRASKEM, S.A. ADR AND KNOW OF NO OTHER PERSON HAVING DONE SO ON MY (OUR) BEHALF.

---

## PART IV - RELEASE

1.      I (WE) HEREBY ACKNOWLEDGE, ON BEHALF OF MYSELF (OURSELVES) AND EACH OF MY (OUR) HEIRS, EXECUTORS, ADMINISTRATORS, PREDECESSORS, SUCCESSORS AND ASSIGNS, AND ANY OTHER PERSON CLAIMING BY, THROUGH OR ON BEHALF OF ME (US), THAT I (WE) (A) RELEASE, WAIVE, DISCHARGE AND DISMISS EACH AND EVERY OF THE RELEASED CLAIMS AGAINST THE RELEASED PARTIES; (B) ARE FOREVER ENJOINED FROM COMMENCING, INSTITUTING OR PROSECUTING ANY OR ALL OF THE RELEASED CLAIMS AGAINST ANY OF THE RELEASED PARTIES; AND (C) ARE FOREVER ENJOINED FROM INSTITUTING, CONTINUING, MAINTAINING OR ASSERTING, EITHER DIRECTLY OR INDIRECTLY, WHETHER IN THE UNITED STATES OR ELSEWHERE, ON MY (OUR) OWN BEHALF OR ON BEHALF OF ANY CLASS OR ANY OTHER PERSON, ANY ACTION, SUIT, CAUSE OF ACTION, CLAIM OR DEMAND AGAINST ANY PERSON OR ENTITY WHO MAY CLAIM ANY FORM OF CONTRIBUTION OR INDEMNITY FROM ANY OF THE RELEASED PARTIES IN RESPECT OF ANY RELEASED CLAIM OR ANY MATTER RELATED THERETO.

2.      "RELEASED PARTIES" MEANS BRASKEM, S.A. AND CARLOS FADIGAS, BERNARDO AFONSO DE ALMEIDA GRADIN, MARCELA APARECIDA DREHMER ANDRADE, MARIO AUGUSTO DA SILVA, AND ODEBRECHT, S.A.; EACH OF THEIR RESPECTIVE CURRENT AND FORMER OFFICERS, DIRECTORS, EMPLOYEES, AGENTS, SERVANTS, REPRESENTATIVES, PARENTS, SUBSIDIARIES, AFFILIATES, CONTROLLED PERSONS, CONTROLLING PERSONS, SUCCESSORS, PREDECESSORS, ASSIGNS, ASSIGNEES, ATTORNEYS, ACCOUNTANTS, ADVISORS, INSURERS, FAMILY MEMBERS AND PARTNERS; AND EACH OF THEIR RESPECTIVE HEIRS, EXECUTORS, ADMINISTRATORS, LEGAL REPRESENTATIVES, SUCCESSORS AND ASSIGNS.

3.      "RELEASED CLAIMS" MEANS ANY AND ALL CLAIMS, DEBTS, DEMANDS, RIGHTS OR CAUSES OF ACTION OR LIABILITIES WHATSOEVER (INCLUDING, BUT NOT LIMITED TO, ANY CLAIMS FOR DAMAGES, INTEREST, ATTORNEYS' FEES, EXPERT OR CONSULTING FEES, AND ANY OTHER COSTS, PENALTIES, EXPENSES OR LIABILITY WHATSOEVER, WHENEVER OR WHEREVER INCURRED), WHETHER BASED ON FEDERAL, STATE, LOCAL, FOREIGN, STATUTORY, OR COMMON LAW OR ANY OTHER LAW, RULE OR REGULATION, WHETHER FIXED OR CONTINGENT, ACCRUED OR UNACCRUED, LIQUIDATED OR UNLIQUIDATED, AT LAW OR IN EQUITY, MATURED OR UNMATURED, WHETHER CLASS, INDIVIDUAL, OR OTHERWISE IN NATURE, WHETHER PERSONAL OR SUBROGATED, WHETHER SUSPECTED OR UNSUSPECTED, INCLUDING BOTH KNOWN CLAIMS AND UNKNOWN CLAIMS, THAT HAVE (1) BEEN ASSERTED IN THIS ACTION BY LEAD PLAINTIFF AGAINST ANY OF THE RELEASED PARTIES, OR (2) THAT HAVE BEEN OR COULD HAVE BEEN ASSERTED IN THIS ACTION OR ANY FORUM BY LEAD PLAINTIFF OR ANY SETTLEMENT CLASS MEMBER AGAINST ANY OF THE RELEASED PARTIES WHICH IN ANY WAY, DIRECTLY OR INDIRECTLY, ARISE OUT OF, ARE RELATED TO, OR ARE BASED UPON (I) THE PURCHASE, SALE, TRANSFER, ACQUISITION OR OWNERSHIP OF BRASKEM ADRS DURING THE CLASS PERIOD AND (II) ANY ALLEGATIONS, TRANSACTIONS, FACTS, MATTERS OR OCCURRENCES, REPRESENTATIONS OR OMISSIONS THAT WERE OR COULD HAVE BEEN ALLEGED, INVOLVED, SET FORTH, OR REFERRED TO IN ANY OF THE COMPLAINTS IN THIS ACTION, INCLUDING (WITHOUT LIMITATION) THE ALLEGED MAKING OF IMPROPER PAYMENTS IN EXCHANGE FOR NAPHTHA PRICING CONCESSIONS FROM PETROLEO BRASILEIRO S.A. ("PETROBRAS"). NOTWITHSTANDING THE FOREGOING, "RELEASED CLAIMS" DOES NOT INCLUDE CLAIMS RELATING TO THE ENFORCEMENT OF THE SETTLEMENT OR ITS TERMS.

4.      "UNKNOWN CLAIMS" MEANS ANY AND ALL RELEASED CLAIMS THAT LEAD PLAINTIFF OR ANY SETTLEMENT CLASS MEMBER DOES NOT KNOW OR SUSPECT TO EXIST IN HIS, HER OR ITS FAVOR AT THE TIME OF THE RELEASE OF THE RELEASED PARTIES, AND ANY OF THE SETTLED DEFENDANTS' CLAIMS WHICH DEFENDANTS DO NOT KNOW OR SUSPECT TO EXIST IN HIS, HER OR ITS FAVOR, WHICH IF KNOWN BY HIM, HER OR IT MIGHT HAVE AFFECTED HIS, HER OR ITS DECISION(S) WITH RESPECT TO THE SETTLEMENT. WITH RESPECT TO ANY AND ALL RELEASED CLAIMS AND SETTLED DEFENDANTS' CLAIMS, LEAD PLAINTIFF AND DEFENDANTS STIPULATE AND AGREE THAT UPON THE EFFECTIVE DATE, LEAD PLAINTIFF AND DEFENDANTS SHALL EACH, FOR THEMSELVES AND ALL PERSONS CLAIMING BY, THROUGH, OR ON BEHALF OF THEM, EXPRESSLY WAIVE, AND EACH SETTLEMENT CLASS MEMBER SHALL BE DEEMED TO HAVE WAIVED, AND BY OPERATION OF THE JUDGMENT SHALL HAVE EXPRESSLY WAIVED, ANY AND ALL PROVISIONS, RIGHTS AND BENEFITS CONFERRED BY ANY LAW OF ANY STATE OR TERRITORY OF THE UNITED STATES, OR PRINCIPLE OF COMMON LAW, THAT IS SIMILAR, COMPARABLE, OR EQUIVALENT TO CAL. CIV. CODE § 1542, WHICH PROVIDES:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.



6:

## PART IV - RELEASE (CONTINUED)

LEAD PLAINTIFF AND DEFENDANTS ACKNOWLEDGE, AND SETTLEMENT CLASS MEMBERS AND DEFENDANTS' SUCCESSORS AND ASSIGNS AND ANY PERSONS OR ENTITIES CLAIMING THROUGH OR ON BEHALF OF DEFENDANTS SHALL, BY OPERATION OF LAW, BE DEEMED TO HAVE ACKNOWLEDGED, THAT THE INCLUSION OF "UNKNOWN CLAIMS" IN THE DEFINITION OF RELEASED CLAIMS AND SETTLED DEFENDANTS' CLAIMS WERE SEPARATELY BARGAINED FOR AND WAS A MATERIAL ELEMENT OF THIS SETTLEMENT.

5.      THIS RELEASE SHALL BE OF NO FORCE OR EFFECT UNLESS AND UNTIL THE COURT APPROVES THE SETTLEMENT AND THE EFFECTIVE DATE OF THE SETTLEMENT (AS DEFINED IN THE SETTLEMENT) OCCURS.

6.      I (WE) HEREBY WARRANT AND REPRESENT THAT I (WE) HAVE NOT ASSIGNED OR TRANSFERRED OR PURPORTED TO ASSIGN OR TRANSFER, VOLUNTARILY OR INVOLUNTARILY, ANY MATTER RELEASED PURSUANT TO THE SETTLEMENT OR ANY OTHER PART OR PORTION THEREOF.

7.      I (WE) HEREBY WARRANT AND REPRESENT THAT I (WE) HAVE INCLUDED INFORMATION ABOUT ALL OF MY (OUR) PURCHASES AND SALES OF BRASKEM ADR DURING THE REQUIRED PERIODS AS SET FORTH ABOVE.

8.      I (WE) HEREBY WARRANT AND REPRESENT THAT I AM (WE ARE) NOT EXCLUDED FROM THE CLASS AS DEFINED IN THE NOTICE AND THAT I (WE) HAVE NOT REQUESTED TO BE EXCLUDED FROM THE CLASS PURSUANT TO THE PROCEDURES SET FORTH IN THE NOTICE.

9.      I (WE) CERTIFY THAT I AM (WE ARE) NOT SUBJECT TO BACKUP WITHHOLDING UNDER THE PROVISIONS OF SECTION 3406(A)(1)(C) OF THE INTERNAL REVENUE CODE.

**NOTE:**  IF YOU HAVE BEEN NOTIFIED BY THE INTERNAL REVENUE SERVICE THAT YOU ARE SUBJECT TO BACKUP WITHHOLDING, PLEASE STRIKE OUT THE LANGUAGE THAT YOU ARE NOT SUBJECT TO BACKUP WITHHOLDING IN THE CERTIFICATION ABOVE.

I (We) declare that the foregoing information supplied by the undersigned is true and correct.
Executed this _20_ day of _Nov 2017_ in _Spring Hill FL_
               (Month) (Year)                   (City, State, Country)

**Signature of Claimant (if this claim is being made on behalf of Joint Claimants, then each must sign.)**

_Jean McCarthy_                                                      _11/20/17_
Signature of Claimant                                        Date

_Jean McCarthy_
Print your name here


Signature of Joint Claimant, if any                      Date


Print your name here

*If the Claimant is other than an individual, or is not the person completing this form, the following also must be provided:*


Signature of person signing on behalf of Claimant       Date


Print your name here


Capacity of person signing on behalf of Claimant, if other than
an individual, *e.g.*, executor, president, custodian, etc.

JEAN M MCCARTHY



TO: CLAIMS ADJUSTER
    BRASKEM SA SECURITIES SETTLEMENT
    C/O GCG
    PO BOX 10495
    DUBLIN, OHIO 43017-4095

RE: CHANGE OF ADDRESS NOTIFICATION

    PREVIOUS ADDRESS:  ██████████████

    NEW ADDRESS:  ██████████████

RE: REQUEST FOR EXCLUSION
    SETTLEMENT CASE CLASS IN BRASKEM, S.A. SECURITIES
    LITIGATION, CASE # 15-CV-5132-PAE (S.D.N.Y.)

MY HUSBAND JOHN G MCCARTHY PASSED AWAY ON SEPT 12, 2015.
HE WAS IN CHARGE OF OUR INVESTMENTS, PURCHASING, SELLING ETC.
I DO NOT KNOW THE QUANTITY OF BRASKEM ADRS PURCHASED OR
SOLD BETWEEN 7/15/2010 AND 3/11/2015, NOR DO I KNOW THE
PRICES ETC.

THANK YOU FOR YOUR UNDERSTANDING

SINCERELY

Jean M McCarthy
JEAN M MCCARTHY

CLAIM # 1003844
Control # 1377823128


John G MCCARTHY DECEASED 9/12/15
    CLAIM # 1003847
    CONTROL # 5946371577


TEL# ██████████████