**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BRASKEM, S.A., SECURITIES LITIGATION | Civil Action No. 15-CV-5132-PAE |

**REPLY MEMORANDUM IN SUPPORT OF LEAD PLAINTIFF'S MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION, AND OF LEAD COUNSEL'S MOTION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

Lead Plaintiff Boilermaker-Blacksmith National Pension Trust ("Boilermaker" or "Lead Plaintiff") and Lead Counsel Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") respectfully submit this memorandum in further support of its Motion for Final Approval of Settlement and Plan of Allocation (Dkt. 125) ("Motion for Final Approval"), and of Lead Counsel's Motion for Approval of Attorneys' Fees and Reimbursement of Litigation Expenses from the Settlement Fund (Dkt. 126) ("Motion for Attorneys' Fees") both filed on January 24, 2018 (collectively, the "Motions").

Pursuant to the Court's September 15, 2017 Order Preliminarily Approving the Settlement, Certifying Settlement Class, Approving Notice to the Class and Final Approval Hearing ("Preliminary Approval Order"), a Notice of Pendency of Class Action and Proposed Settlement (the "Settlement Notice"), was disseminated to the Settlement Class by the Claims Administrator via 26,706 individual mailings, publication over the *PR Newswire*, publication in *The Wall Street Journal*, and a dedicated website for the settlement, http://www.braskemsecuritiessettlement.com. *See* Affidavit of Jose C. Fraga dated January 24, 2018, Dkt. 129-2, ¶¶ 2-10. The Preliminary Approval Order and Settlement Notice provided that the deadline for objections to either the Motion for Final Approval or the Motion for Attorneys' Fees was that such objections had to be filed with the Court no later than January 31, 2018, and served on counsel no later than February 7, 2018. These dates have now passed, and no such objections have been filed on the docket and served on counsel in accordance with the Preliminary Approval Order.[1]

---

[1] As previously explained in the Memorandum of Law in Support of Lead Counsel's Motion for Attorney's Fees and Reimbursement of Litigation Expenses from the Settlement Fund, a letter critical of the fee request was received from Richard M. McGoldrick, but that letter was not a proper objection. *See* Dkt. 128 at 3 n.3.

In place of objections, potential Settlement Class Members have been actively filing proofs of claim. More than 3,200 potential claimants, representing approximately $20 million in potential recognized losses, have filed proofs of claim.[2] *See* Supplemental Fraga Aff., ¶ 3. By contrast, only two possible requests for exclusion have been received.[3]

The absence of proper objections and the limited number of exclusion requests, compared with the amount of claims already filed, are all evidence of "the favorable reaction of the overwhelming majority of class members to the Settlement," which is "perhaps the most significant factor in our *Grinnell* inquiry." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005). *See also In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115809, at *7 (S.D.N.Y. Nov. 7, 2007) ("The lack of objections provides effective evidence of the fairness of the Settlement."); *In re PaineWebber Ltd. P'Ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997) ("the absence of objectants may itself be taken as evidencing the fairness of a settlement") (citation omitted), *aff'd*, 117 F.3d 721 (2d Cir. 1997).

Based on the above, and the documents previously submitted by Lead Plaintiff and Lead Counsel in support of the Motions, Lead Plaintiff and Lead Counsel respectfully request that the Motions be granted.

---

[2] Approximately 2,753 of these claimants appear to be either ineligible or have no recognized losses. *See* Supplemental Affidavit of Jose C. Fraga dated February 14, 2018, ¶ 3, filed herewith ("Supplemental Fraga Aff.").

[3] As previously explained in Lead Plaintiff's Memorandum of Law in Support of the Motion for Final Approval of the Settlement and of the Plan of Allocation, a submission was made by Jean M. McCarthy on behalf of herself and her late husband, but that submission was either a deficient claim or a deficient request for exclusion, because it did not include transaction records. *See* Dkt. 127 at 8 n.2.

Dated: February 14, 2018　　　　　　　　Respectfully submitted,

**COHEN MILSTEIN SELLERS & TOLL PLLC**

*/s/ Steven J. Toll*
Steven J. Toll
Times Wang
1100 New York Avenue, N.W.
Suite 500
Washington, D.C. 20005
(202) 408-4600
stoll@cohenmilstein.com
twang@cohenmilstein.com

Christopher Lometti
88 Pine Street, 14th Floor
New York, NY 10005
(212) 838-7797
clometti@cohenmilstein.com

*Lead Counsel for Lead Plaintiff*