```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2018
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE BRASKEM, S.A., SECURITIES
LITIGATION

Civil Action No. 15-CV-5132-PAE

## [PROPOSED] ORDER ON LEAD COUNSEL'S MOTION FOR APPROVAL OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES FROM THE SETTLEMENT FUND

Lead Counsel's Motion for Approval of Attorneys' Fees and Reimbursement of Litigation Expenses from the Settlement Fund ("Fee Application") duly came before the Court for a hearing on February 21, 2018. The Court has considered the Fee Application and all supporting and other related materials, including the matters presented at the Final Approval Hearing. Due and adequate notice having been given to the Settlement Class as required by the Order Preliminarily Approving the Settlement, Certifying Settlement Class, Approving Notice to the Class and Scheduling Final Approval Hearing ("Preliminary Approval Order," ECF No. 124), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS FOLLOWS:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement ("Settlement," ECF No. 121), and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement.

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Members of the Settlement Class.

3. Notice of the Fee Application was directed to Settlement Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4. Settlement Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure. The Court has received no objections.

5. The Fee Application is hereby GRANTED.

6. Lead Counsel are hereby awarded attorneys' fees in the amount of __25__% of the Settlement Fund after deduction of litigation expenses incurred by Lead Counsel, or $__2,474,936.48__, plus interest earned at the same rate and for the same period as earned by the Settlement Fund. Lead Counsel are also awarded $__100,254.08__ in reimbursement for Lead Counsel's Litigation Expenses (which fees and expenses shall be paid to Lead Counsel from the Settlement Fund), plus interest earned at the same rate and for the same period as earned by the Settlement Fund. The Court finds these sums to be fair and reasonable.

7. Pursuant to paragraph 28 of the Settlement, the fees and expenses awarded herein shall be paid to Lead Counsel within three (3) business days after entry of this Order, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or on this Order, subject to Lead Counsel's obligation to repay all such amounts with interest pursuant to the terms and conditions set forth in paragraph 28 of the Settlement.

8. In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

a. the Settlement has created a fund of $10,000,000.00 in cash that has been funded into an escrow account for the benefit of the Settlement Class pursuant to the terms of the Settlement, and that Settlement Class Members who submit acceptable Proof of Claim Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b. the fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a sophisticated institutional investor that was substantially involved in all aspects of the prosecution and resolution of the Action;

c. copies of the Notice were mailed to over 24,000 potential Settlement Class Members or their nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund, after deducting Litigation Expenses, and reimbursement of Litigation Expenses in an amount not to exceed $200,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund;

d. no Settlement Class Member has objected to the Fee Application;

e. Lead Counsel has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy;

f. had the Settlement not been achieved, there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from Defendants;

g. Lead Counsel devoted over 3,000 hours, with a lodestar value of over $2 million, to the case; and

3

      h. the amount of attorneys' fees awarded and expenses to be reimbursed from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

9. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expenses application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

10. Jurisdiction is hereby retained over the parties and the Settlement Class Members for all matters relating to this Action, including the administration, interpretation, effectuation or enforcement of the Settlement and this Order.

11. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Settlement and shall be vacated in accordance with the terms of the Settlement.

IT IS SO ORDERED.

Dated: Feb. 21, 2018

*Paul A. Engelmayer*
THE HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE