USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/21/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE BRASKEM, S.A., SECURITIES
LITIGATION

Civil Action No. 15-CV-5132-PAE

## [PROPOSED] ORDER AND FINAL JUDGMENT

This matter came for hearing on February 21, 2018 (the "Final Approval Hearing"), on the application of Lead Plaintiff and Defendants (defined below), to determine whether the terms and conditions of the Stipulation and Agreement of Settlement ("Settlement") filed with this Court on September 14, 2017 are fair, reasonable, adequate and in the best interest of the Settlement Class Members for the settlement of all claims asserted by Lead Plaintiff, Boilermaker-Blacksmith National Pension Trust, on behalf of themselves and the Settlement Class, against Defendants Braskem, S.A. ("Braskem" or the "Company") and Carlos José Fadigas de Souza Filho ("Fadigas") in the above-captioned Action, and should be approved; and whether Judgment should be entered dismissing the Action with prejudice and releasing the Settlement Class Members' Released Claims against all Released Parties.

The Court having considered all matters submitted to it at the Final Approval Hearing and otherwise;

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. This Judgment hereby incorporates by reference the definitions in the Settlement, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Settlement.

2. This Court has jurisdiction to enter this Judgment. The Court has jurisdiction

over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finally certifies this Action as a class action, for purposes of this Settlement only, with a Settlement Class defined as all persons or entities who purchased or otherwise acquired a legal or beneficial ownership interest in Braskem ADRs between July 15, 2010 and March 11, 2015, inclusive. Excluded from the Settlement Class are: (1) Defendants and members of the immediate family of any Defendant; (2) any entity in which any Defendant has, or had during the Class Period, a controlling interest; (3) the officers and directors of Braskem during the Class Period; and (4) the legal representatives, agents, executors, heirs, successors, or assigns of any of the foregoing excluded persons or entities who assert an interest in Braskem ADRs through or on behalf of any such excluded persons or entities.[1]

4. With respect to the Settlement Class, the Court finds and concludes that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied as: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class that predominate over any individual questions; (c) the claims of the Lead Plaintiff are

---

[1] One submission was made by Jean M. McCarthy indicating she was unable to locate transaction records for claims previously submitted on behalf of herself and her late husband. The Preliminary Approval Order required that Settlement Class Members submitting a claim or requesting exclusion must provide, among other things, the "number of Braskem ADRs purchased or sold," "prices or other consideration paid and/or received for such ADRs," and "the date of each purchase or sale transaction." Preliminary Approval Order, ¶ 20. Because Ms. McCarthy was unable to provide this information and declined Lead Counsel's assistance in locating it, these are either deficient claims or deficient requests for exclusion. Accordingly, to the extent she or her late husband met the class definition set forth here, they are not excluded from the Settlement Class.

typical of the claims of the Settlement Class; (d) the Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of all the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of separate actions, (ii) the extent and nature of any action concerning the controversy already commenced by members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the litigation.

5.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of this Settlement only, the Court hereby affirms its determinations in the Preliminary Approval Order and finally appoints Lead Plaintiff as class representatives for the Settlement Class, and finally appoints Cohen Milstein Sellers & Toll PLLC as counsel for the Settlement Class.

6.  Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort and was in accordance with the terms of the Settlement and the Court's Preliminary Approval Order. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of due process; Rule 23 of the Federal Rules of Civil Procedure; Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; the Constitution of the United States (including the Due Process clause); and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

7.  Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of the

Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Settlement Class Members, other than those persons and entities that are listed on Exhibit 1 hereto, are bound by this Judgment.

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court finds that the Settlement is fair, reasonable and adequate, and in the best interests of the Settlement Class Members. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties undertaken with the assistance of an experienced mediator. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation and Agreement of Settlement, dated September 14, 2017 (the "Settlement").

9. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

10. The Action and all Released Claims are dismissed with prejudice. The Settling Parties are to bear their own costs, except for the payments expressly provided for in the Settlement.

11. Upon the Effective Date, Lead Plaintiff and each Settlement Class Member, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Released Claims against the Released Parties; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Released Claims against any of the Released Parties; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly

or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity from any of the Released Parties in respect of any Released Claim.

12. Upon the Effective Date, each of the Defendants, on behalf of themselves, and their respective past and present directors, officers, employees, agents, trustees, fiduciaries, guardians, servants, consultants, underwriters, attorneys, advisors, representatives, estate trustees, heirs, executors, administrators, predecessors, successors and assigns, and any other person claiming by, through or on behalf of them, shall be deemed by operation of law to (a) have released, waived, discharged and dismissed each and every of the Settled Defendants' Claims; (b) forever be enjoined from commencing, instituting or prosecuting any or all of the Settled Defendants' Claims; and (c) forever be enjoined from instituting, continuing, maintaining or asserting, either directly or indirectly, whether in the United States or elsewhere, on their own behalf or on behalf of any class or any other person, any action, suit, cause of action, claim or demand against any person or entity who may claim any form of contribution or indemnity in respect of any Settled Defendants' Claim.

13. Upon the Effective Date, except as provided in ¶ 14 below, this Order will permanently bar, extinguish, and discharge any and all claims, actions, suits, cause of action, or demands by any person against the Released Parties, whether for contribution or indemnification or however styled, where the alleged injury consists of or arises from the plaintiff's liability to the Settlement Class or any Settlement Class Member for a claim arising out of or related to the allegations in the Action. Further:

    a. Any final verdict or judgment that may be obtained by or on behalf of the Settlement Class or a Settlement Class Member against any person or entity subject to the Bar Order shall be reduced by the greater of: (a) an amount that corresponds to the percentage of responsibility of the Defendants for common damages; or (b) the amount

paid on behalf of Defendants to the Settlement Class or Settlement Class Member for common damages.

      b.    The Released Parties shall be barred from bringing any claim for contribution or indemnification arising out of or related to any Released Claim against any person, other than a person whose liability has been extinguished by the Settlement.

      c.    Notwithstanding anything to the contrary herein, the Bar Order shall not apply to: (i) any claims the Defendants or any other Released Party may have against any insurance carrier for advancement of legal fees or indemnification, or (ii) any claims by a Defendant against any party whose liability to the Settlement Class or any Settlement Class Member for a Released Claim has been extinguished by the Settlement.

14.    Notwithstanding any of the releases or the bar order above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Settlement, the Preliminary Approval Order, or this Judgment.

15.    The fact and terms of the Settlement, including all exhibits thereto, this Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

      a.    shall not be offered or received against the Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Released Parties, or by Lead Plaintiff or the other members of the Settlement Class with respect to, the truth of any fact alleged by Lead Plaintiff or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Parties;

  b. shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Lead Plaintiff or any of the other members of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff and the other members of the Settlement Class;

  c. shall not be offered or received against the Released Parties, Lead Plaintiff or the other members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, Lead Plaintiff or the other Settlement Class Members, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Settlement; provided, however, that the Released Parties may refer to the Settlement and the Judgment in any action that may be brought against them to effectuate the liability protection granted them hereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law;

  d. shall not be construed against the Released Parties, Defendants' Counsel, Lead Counsel or Lead Plaintiff or the other Settlement Class Members as an admission or concession that the consideration to be paid hereunder represents the amount which could be or would have been recovered after trial or that any damages potentially recoverable

under the Complaint would have exceeded or would have been less than the Settlement Amount;

e. shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or the other Settlement Class Members or any of them that any of their claims are without merit; and

f. shall not be construed as or received in evidence as an admission, concession or presumption against the Released Parties that class certification is appropriate in this Action, except for purposes of this Settlement.

16. The Court reserves jurisdiction, without affecting in any way the finality of this Judgment, over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Judgment, (e) enforcing and administering the Settlement, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

17. A separate order shall be entered regarding Lead Counsel's application for an award of attorneys' fees and reimbursement of Lead Counsel's and Lead Plaintiff' Litigation Expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Judgment.

18. The Plan of Allocation submitted by Lead Counsel, as described in the Notice and in accordance with ¶ 22 of the Settlement, is hereby approved as fair, reasonable and adequate. Any order or proceeding relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect or delay the Effective Date or the effectiveness or finality of the Judgment and the release of the Released Claims.

19. In the event that the Settlement does not become effective in accordance with its

terms or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants or any entity who paid such Settlement Amount on behalf of the Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement, and shall be vacated to the extent provided by the Settlement and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement; and (b) the fact of the Settlement shall not be admissible in any trial of the Action and Lead Plaintiff and Defendants reserve their rights to proceed in all respects as if this Settlement had not been entered into and without any prejudice in any way from the negotiation, fact or terms of this Settlement.

20.   Without further Order of the Court, the parties may agree to reasonable extensions of time or other reasonable modifications necessary to carry out any of the provisions of the Settlement.

21.   There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: Feb. 21, 2018

_____
THE HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE