# COHENMILSTEIN

Steven J. Toll<br>
(202) 408-4646<br>
stoll@cohenmilstein.com

March 8, 2018

***Via ECF and E-Mail to EngelmayerNYSDChambers@nysd.uscourts.gov***

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square, Room 2201
New York, NY 10007

      Re:    *In re Braskem S.A. Securities Litigation*, Case No. 15-cv-5132-PAE (S.D.N.Y.)

Dear Judge Engelmayer:

      We write to follow up on a question Your Honor raised during the final settlement approval hearing for this case, held on February 21, 2018, regarding the notice and claims administration procedures for investment vehicles such as mutual funds or index funds that are invested in the securities that are the subject of a securities class action. Your Honor inquired whether individual retail investors in such vehicles would normally receive class action notices and claim forms, and whether they would have to file a claim form to participate in a settlement involving a stock in which those vehicles are invested.

      We put the question to several claims administration companies, each highly experienced in distributing recoveries to class members in securities class actions (including Garden City Group, the firm handling this litigation). Each answered that individual retail investors in investment vehicles such as mutual funds, index funds, exchange-traded funds, etc., ordinarily should not be receiving notices or filing individual claims, and that the vehicles themselves should be the ones doing so. One exception pointed out to us is when an investor own "unit trusts" purchased through a broker. When those trusts expire, the investors are given an option of cashing out, or taking the shares. Those who accept the shares in lieu of cash may well receive individual notice of any class action settlement relating to those unit trust investments.

      According to the claims administrators, companies offering such investment vehicles, such as Vanguard or T. Rowe Price, routinely submit claims in securities class action settlements, and in fact, may occasionally publicize in their reports or press releases that the fund has received payouts in certain class action settlements. Their share of the recovery would then

**COHENMILSTEIN**

March 8, 2018
Page 2

be added to the vehicles' assets and would be used to purchase other securities or otherwise add to the vehicles' net assets, ultimately benefiting retail investors in those vehicles. Individual investors in those funds would thus not be receiving checks as part of those investments in a class action settlement.

As for the scenario where an individual retail investor is invested in the vehicle during the class period but exits the vehicle before the vehicle can participate in a recovery, the vehicle would simply apply the recovery to its assets going forward and would not attempt to distribute it to past investors.

An individual retail investor in a mutual fund might nevertheless receive a notice and claim form if the investor also happens to be invested directly in a company's stock, for example through an investment manager with discretion to purchase stocks for the investor's benefit, through an IRA, etc.

We hope the foregoing provides Your Honor some additional insight into the typical claims process for securities class actions. Please let us know if we can further assist.

Finally, we are pleased to report that we were able to contact Mrs. Jean McCarthy, who has accepted our offer to help her locate records for her and her late husband's investments in Braskem S.A. We will do so diligently and report back on our progress.

Respectfully,

*/s/ Steven J. Toll*

Steven J. Toll

Cc: Mark Gimbel (via e-mail)